906 So.2d 760 (2004)
Travis SHANKS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00763-COA.
Court of Appeals of Mississippi.
December 14, 2004.
Travis Shanks (Pro Se), attorney for appellant.
*761 Office of the Attorney General, by Charles W. Maris, Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Travis Shanks has appealed an order denying his request for free copies of the records and transcripts of his guilty plea entered in the Circuit Court of Claiborne County, Mississippi. In response, the State has filed a motion to dismiss the appeal for lack of jurisdiction. The State's motion is hereby granted, and the appeal dismissed without prejudice, since no appellate jurisdiction exists over the transcript request which is not raised as part of the direct appeal from conviction or as part of a motion for post-conviction collateral relief.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Travis Shanks was indicted by the Claiborne County Grand Jury at its January, 2003 term on a charge of capital murder. On March 24, 2003, Shanks, represented by counsel, pled guilty to the charge of murder less than capital, and was sentenced to serve the remainder of his life in the custody of the Mississippi Department of Corrections. On January 20, 2004, Shanks filed a motion with the circuit court to compel the clerk to provide a copy of all pertinent records and transcripts; although Shanks's motion did not specifically request "free" copies, he filed an Affidavit of Poverty and represented that he was "unable to afford any cost or security of said records or transcripts." In his motion, Shanks acknowledged that the records and transcripts were desired in order to adduce "any and all ... violations which occurred during the ... guilty plea...." The circuit court determined that Shanks failed to show a basis or need for the information requested and denied his motion. Aggrieved by the denial, Shanks filed his notice of appeal and was granted permission to proceed in forma pauperis. In response to Shanks's brief, which for the first time alleged that Shanks's mother had sought to purchase a copy of the records and transcripts on his behalf but was refused by the circuit clerk, the State filed a motion to dismiss the appeal for lack of jurisdiction.

ANALYSIS
¶ 3. Shanks does not have a constitutional or common law right to appeal to this Court; instead, his ability to appeal is based entirely on statute. See Fleming v. State, 553 So.2d 505, 506 (Miss.1989). There are two primary ways a criminal defendant may challenge a trial court proceeding: a direct appeal from conviction under Miss.Code Ann. § 99-35-101 (Rev.2002) or a proceeding under the Post-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 to 99-39-29 (Rev.2000 & Supp.2004). See Fleming, 553 So.2d at 506. Since Shanks entered a guilty plea, a direct appeal is not available. Section 99-35-101 specifically provides that "an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." Miss.Code Ann. § 99-35-101; see also Walton v. State, 752 So.2d 452, 454-55 (Miss.Ct.App.1999) (by pleading guilty, indigent criminal defendant not only bypasses the right to direct appeal but also forfeits the right to a free transcript to which he would have been entitled on direct appeal). Thus, Shanks's only means of appellate review is to follow the procedures set forth in the Post-Conviction Collateral Relief Act. He has not done so.
*762 ¶ 4. In Fleming v. State, 553 So.2d 505 (Miss.1989), the Mississippi Supreme Court explained:
A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge. If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99-39-25, which provides that final judgments entered under the Act may be reviewed by this Court on appeal brought by either the State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error.... However, nothing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action. Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral relief, nor is this claim raised as part of a direct appeal from conviction. Therefore, this appeal should be dismissed due to a lack of jurisdiction.
Fleming, 553 So.2d at 506 (citations omitted) (emphasis added).
¶ 5. In the case at hand, Shanks still has avenues of appellate review. Shanks may seek relief by properly filing a petition with the circuit court under the Post-Conviction Collateral Relief Act. If the circuit court denies his petition for collateral relief, he may then seek relief from this Court pursuant to Mississippi Code Annotated § 99-39-25 (Rev.2000 & Supp.2004). Within that appeal, Shanks may raise the issue of the denial of his request for transcripts as well as any constitutional issues he might have. The trial court will not, however, be found in error for declining to require the State to subsidize a "fishing expedition" by Shanks; the trial court may reasonably require him "to demonstrate some specific need" before requiring the State to furnish free copies of trial records for use in collateral proceedings. See Fleming, 553 So.2d at 506; Kemp v. State, No.2003-CP-01627-COA, 904 So.2d 1137 (Miss.Ct.App. Oct.19, 2004).
¶ 6. THE APPEAL OF THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS DISMISSED WITHOUT PREJUDICE DUE TO LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND ISHEE, JJ. CONCUR.