933 So.2d 313 (2006)
Charles R. WALTERS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-02176-COA.
Court of Appeals of Mississippi.
June 27, 2006.
*314 Charles R. Walters, Appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Charles Walters was sentenced to two consecutive four-year mandatory sentences for armed robbery and attempted armed robbery. On October 12, 2004, Walters filed a document titled as a "Motion for Reduction of Sentence for Hardship" in the Marion County Circuit Court. Walters noted that, at the time he filed his motion, he had served four years and seven months of his sentence. Walters asked the circuit court to consider his time served and his work record and further requested that the circuit court lift the mandatory status from his sentence so that he could receive time off of his sentences for his good behavior. Walters attached a letter from the Marion County Supervisors to Governor Ronnie Musgrove in which the supervisors voiced their opinions of Walters's rehabilitated status. Walters attached similar letters from Reverand John De La Fuente, signed petitions from the Marion County Sheriff's Department, the Marion County Neighborhood Watch Coordinator, the Marion County Circuit Clerk, and various citizens of Marion County. Those letters and petitions indicate that Walters was a model prisoner, had been extremely helpful and hard working during his incarceration, exhibited good behavior and attitude, and that the authors felt unequivocally that Walters was fit to reenter society. Walters *315 also indicated that his family needed his support, financially and otherwise.
¶ 2. On October 22, 2004, the circuit court filed an order and found that it lacked jurisdiction to adjudicate Walters's motion. Consequently, the circuit court denied Walters's motion. Aggrieved, Walters appeals and claims that Section 47-1-15 of the Mississippi Code supports his early release.

ANALYSIS
¶ 3. A circuit court has no authority to modify sentences handed down during a prior term of court and, likewise, lacks authority to suspend sentences after the term of court. Mississippi Com'n of Judicial Performance v. Russell, 691 So.2d 929, 944 (Miss.1997). According to the circuit court clerk's docket sheet, the circuit court sentenced Walters on May 4, 2000. Walters filed his motion for reduction of sentence on October 12, 2004. There is no question that the term during which the circuit court sentenced Walters expired in that four year time period. As such, the circuit court lacked authority to suspend Walter's sentence.
¶ 4. Walters does not have a constitutional or common law right to appeal to this Court; instead, his ability to appeal is based entirely on statute. Shanks v. State, 906 So.2d 760(¶ 3) (Miss. Ct.App.2004). "There are two primary ways a criminal defendant may challenge a trial court proceeding: a direct appeal from conviction under Mississippi Code Annotated § 99-35-101 (Rev.2002) or a proceeding under the Post-Conviction Collateral Relief Act, Mississippi Code Annotated. § 99-39-1 to 99-39-29 (Rev. 2000 & Supp.2004)." Id. The circuit clerk's docket sheet indicates that Walters pled guilty. As such, he is not entitled to direct review. Mississippi Code Annotated § 99-35-101 (Rev.2002). What is more, even if we treat Walters's motion, filed four years after conviction, as a petition for post-conviction collateral relief, that too would be barred by the three year statute of limitations set forth in Mississippi Code Annotated § 99-39-5(2) (Rev.2000). Accordingly, we must dismiss Walters's appeal for lack of jurisdiction.
¶ 5. THE APPEAL OF THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT IS DISMISSED WITHOUT PREJUDICE DUE TO LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK AND IRVING, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.