979 So.2d 716 (2007)
Frederick ALEXANDER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01176-COA.
Court of Appeals of Mississippi.
November 13, 2007.
Rehearing Denied April 15, 2008.
*717 Frederick Alexander, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Frederick Alexander was tried and convicted in the Circuit Court of Claiborne County, Mississippi on a charge of unlawful sale of cocaine. On January 6, 1997, the court entered an order sentencing him to thirty years in the custody of the Mississippi Department of Corrections (MDOC). Alexander subsequently filed a motion to reconsider the sentence on January 16, 1997. The motion was based solely on the ground that the sentence was "clearly excessive." On June 14, 2006, the trial court denied Alexander's motion, finding it to be without merit. Alexander now appeals alleging that the trial court erred in denying Alexander's motion to reconsider where the court imposed the maximum sentence of thirty years upon him, as a first offender, without dictating or providing justification for such action. Finding no appellate jurisdiction exists over the motion to reconsider and no error on the part of the trial court, we dismiss the appeal.

ISSUE AND ANALYSIS
1. Whether the trial court erred in dismissing Alexander's motion to reconsider for lack of jurisdiction.
¶ 2. Alexander does not have a constitutional or common law right to appeal to this Court; instead, his ability to appeal is based entirely on statute. See Fleming v. State, 553 So.2d 505, 506 (Miss. 1989) (superseded on alternate grounds). There are two primary ways a criminal defendant may challenge a trial court proceeding: (1) a direct appeal from conviction under Mississippi Code Annotated *718 Section 99-35-101 (Rev.2007), or (2) a proceeding under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Sections 99-39-1 to 29 (Rev.2007). Id. Further, an "attempt to appeal an unappealable order is a total departure from the orderly administration of justice and should not be approved." Swift v. State, 952 So.2d 1039, 1040(¶ 4) (Miss.Ct.App.2007). Alexander's challenge to his sentencing qualifies as a post-conviction proceeding under the Post-Conviction Collateral Relief Act, and therefore, should have been brought in accordance with the statute. See Miss.Code Ann. § 99-39-5 (Rev.2007). Because Alexander is not directly appealing his conviction nor proceeding under the Post-Conviction Relief Act, this appeal is not properly before this Court. Because the Court lacks jurisdiction to hear this matter, the appeal should be dismissed. See Shanks v. State, 906 So.2d 760, 762(¶ 5) (Miss.Ct.App.2004).
¶ 3. Although Alexander has failed to properly bring his appeal before this Court, we will still address the sentencing issue.
2. Whether the trial court erred in imposing the maximum sentence of thirty years.
¶ 4. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Nichols v. State, 826 So.2d 1288, 1290(¶ 10) (Miss.2002), Wall v. State, 718 So.2d 1107, 1114 (Miss.1998) (quoting Hoops v. State, 681 So.2d 521, 537 (Miss.1996)). The general rule in Mississippi is that a sentence that does not exceed the maximum term allowed by the statute cannot be disturbed on appeal. Nichols, 826 So.2d at 1290(¶ 10). Under Mississippi Code Annotated Section 41-29-115(A)(a)(4) (Supp. 2006), cocaine is a controlled substance classified in Schedule II. The penalty for selling a Schedule II controlled substance is set out in Mississippi Code Annotated Section 41-29-139(b)(1) (Supp.2006). The statute provides for a maximum sentence of thirty years and a fine of one million dollars. See Miss.Code Ann. § 41-29-139(b)(1) (Supp.2006). It does not require the defendant to sell any minimum amount of the controlled substance, and there is no minimum penalty. Id.
¶ 5. In the present case, Alexander was charged and convicted for the sale of cocaine. Alexander argues that though the statute prescribes a maximum thirty-year sentence, his sentence is excessive because he is a first-time offender. The statute does grant an exception to first-time offenders, but this exception is limited to those who sell small amounts of marijuana. Id. Alexander was not charged with selling marijuana but rather cocaine, for which no exception is available.
¶ 6. Pursuant to statute, Alexander faced a possible thirty-year sentence for the sale of cocaine. Under Nichols, his sentence was within the discretion of the trial court. The trial court did not abuse its discretion, because it acted within the statutory guidelines when it imposed the maximum thirty-year sentence. Therefore, this issue is without merit.
¶ 7. THE APPEAL FROM THE CIRCUIT COURT OF CLAIBORNE COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND CARLTON, JJ., CONCUR. IRVING AND ROBERTS, JJ., CONCUR IN RESULT ONLY.