990 So.2d 796 (2008)
Regina KRICKBAUM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01421-COA.
Court of Appeals of Mississippi.
September 16, 2008.
Regina Krickbaum (pro se), attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., ROBERTS and CARLTON, JJ.

SUMMARY OF THE CASE
ROBERTS, J., for the Court.
¶ 1. Regina Krickbaum appeals from an order denying her "motion for records and transcripts" incident to her having pled guilty to armed robbery before the Clay County Circuit Court. The State responded with a motion to dismiss for lack of jurisdiction. Because we have no appellate jurisdiction over a request for a transcript that was not raised as part of a direct appeal or a motion for post-conviction collateral relief, the State's motion to dismiss is granted. Accordingly, Krickbaum's *797 appeal of her denied "motion for records and transcripts" is dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY
¶ 2. Krickbaum went before the Clay County Circuit Court and pled guilty to armed robbery. The circuit court sentenced Krickbaum to eighteen years in the custody of the Mississippi Department of Corrections. Subsequently, Krickbaum filed a "motion for records and transcripts." The circuit court denied Krickbaum's motion for production of records. Krickbaum requested to appeal in forma pauperis, and the circuit court granted Krickbaum's request. Krickbaum now appeals, and the State argues that this Court should dismiss Krickbaum's appeal for lack of jurisdiction.

ANALYSIS
¶ 3. It is important to note that Krickbaum solely moved for a copy of her transcript and her circuit court records. Krickbaum did not file a petition for post-conviction collateral relief. Now, she appeals the circuit court's decision to deny her motion for a copy of her transcript and records. However, Krickbaum "does not have a constitutional or common law right to appeal to this Court; instead, [her] ability to appeal is based entirely on statute." Shanks v. State, 906 So.2d 760, 761(¶ 3) (Miss.Ct.App.2004) (citing Fleming v. State, 553 So.2d 505, 506 (Miss.1989)).
¶ 4. "There are two primary ways a criminal defendant may challenge a trial court proceeding: a direct appeal from conviction under Miss.Code Ann. § 99-35-101 (Rev.2002) or a proceeding under the Post-Conviction Collateral Relief Act, Miss.Code Ann. §§ 99-39-1 to 29 (Rev. 2000 & Supp.2004)." Id. Because Krickbaum pled guilty to armed robbery, she forfeited her right to a direct appeal of her conviction. Miss.Code Ann. § 99-35-101 (Rev.2007). Therefore, Krickbaum's only available alternative to challenge her conviction is by way of the Mississippi Post-Conviction Collateral Relief Act. Krickbaum's request for a free copy of her transcript and circuit court record did not accompany a petition for post-conviction collateral relief.
¶ 5. The following language from Fleming is particularly pertinent:
A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge. If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99-39-25[,] which provides that final judgments entered under the Act may be reviewed by this Court on appeal brought by either the State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error....
However, nothing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this [c]ourt as a separate and independent action. Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral *798 relief, nor is this claim raised as part of a direct appeal from conviction.
Therefore, this appeal should be dismissed due to a lack of jurisdiction.
Fleming, 553 So.2d at 506 (internal citations omitted) (emphasis added).
¶ 6. Krickbaum is not without options. Assuming that such a petition would be timely and that she follows the requirements of the Mississippi Post-Conviction Collateral Relief Act, Krickbaum has the option of properly filing a petition for post-conviction relief in the Clay County Circuit Court. However, we will not find that the circuit court erred "for declining to require the State to subsidize a `fishing expedition.'" Shanks, 906 So.2d at 762(¶ 5). The circuit court may require that she demonstrate some specific need before it requires the State to provide Krickbaum with a free copy of her transcript and circuit court records for use in a collateral proceeding. Id. However, because Krickbaum did not petition for post-conviction collateral relief when she requested a free copy of her transcript and circuit court records, we have no jurisdiction over this matter. Consequently, we are required to dismiss Krickbaum's appeal for lack of appellate jurisdiction. Fleming, 553 So.2d at 506.
¶ 7. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.