GRIFFIS, J.,
for the Court.
¶ 1. Joseph Quinton Bullock previously pleaded guilty to murder and was convicted and sentenced by the Circuit Court of Prentiss County. Bullock appeals the denial of his motion for records, transcripts, and other disclosures. This Court lacks appellate jurisdiction to review a request for records, transcripts, and other disclosures that was not raised as part of a direct appeal or a petition for post-conviction collateral relief. Because Bullock did not file a petition for post-conviction collateral relief, his appeal is dismissed without prejudice.
FACTS
¶ 2. Bullock was indicted for the capital murder of Jonathan Breedlove pursuant to Mississippi Code Annotated section 97-3-19(2)(e) (Rev.2006), but the indictment was amended to charge Bullock with murder pursuant to section 97-3-19(l)(a) (Rev. 2006). He appeared before the circuit court judge and entered a guilty plea to murder. Bullock was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.
¶ 3. Subsequently, Bullock filed the following motions with the circuit court: “motion to inspect grand jury minutes,” “motion for transcript of the petitioner’s preliminary hearing,” and “motion for any and all records, documents, discovery and trial transcripts.” The motions were collectively denied by the circuit court. Bullock now appeals the denial of his motions for records, transcripts, and other disclosures.
STANDARD OF REVIEW
¶ 4. “Jurisdiction is a question of law which this Court reviews de novo.” Trustmark Nat’l Bank v. Johnson, 865 So.2d 1148, 1150(¶8) (Miss.2004) (citations omitted).
*943 ANALYSIS
¶ 5. There are two avenues of appeal for a criminal defendant: a direct appeal from the conviction and a motion for post-conviction collateral relief. Shanks v. State, 906 So.2d 760, 761(¶ B) (Miss.Ct.App.2004) (citing Fleming v. State, 553 So.2d 505, 506 (Miss.1989) (superseded by statute)). Bullock forfeited his right to a direct appeal when he pleaded guilty. Miss.Code Ann. § 99-35-101 (Rev.2007). Thus, Bullock’s only option for appeal is to bring a motion for post-conviction collateral relief. However, he has failed to do so.
¶ 6. Bullock has the option to request these documents as part of a motion for post-conviction collateral relief. If a prisoner files a proper motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, and his motion withstands summary dismissal under section 99-39-11(2) (Rev.2007), then he:
may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge. If the prisoner’s request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99 — 39—25[,] which provides that final judgments entered under the Act may be reviewed by [the appellate court] on appeal brought by either the State or the prisoner.
Fleming, 553 So.2d at 506 (internal citations omitted).
¶ 7. However, the Uniform Post-Conviction Collateral Relief Act does not give a prisoner “the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court’s ruling, to directly appeal that ruling to [the appellate court] as a separate and independent action.” Id. Bullock filed motions to inspect grand jury minutes, for the transcript of his preliminary hearing, and for any and all records, documents, discovery, and trial transcripts, but he has not filed a motion for post-conviction collateral relief. Accordingly, this Court lacks appellate jurisdiction, and Bullock’s appeal is dismissed without prejudice.
¶ 8. THE APPEAL FROM THE PRENTISS COUNTY CIRCUIT COURT IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PRENTISS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.