# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01825-COA

**ALBERT LEE NORWOOD A/K/A ALBERT NORWOOD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/22/2013 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALBERT LEE NORWOOD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | MOTION FOR RECORDS AND TRANSCRIPT DENIED |
| DISPOSITION: | APPEAL DISMISSED – 03/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Albert Norwood appeals the circuit court's denial of his request for documents from his guilty plea. Because his document request was not part of a direct appeal or motion for post-conviction relief, we lack jurisdiction. We thus dismiss.

### Facts and Procedural History

¶2.     On April 9, 2012, Norwood pled guilty to failing to re-register as a convicted sex

offender.[1]  The judge sentenced him to serve fours years, with credit for time served.

¶3.    On October 15, 2013, Norwood mailed a letter to the circuit court asking for various documents from his failure-to-register case.  The court treated Norwood's letter as a motion and denied his request, noting he failed to show good cause for free documents.  Norwood appealed.[2]

**Discussion**

¶4.    "Jurisdiction is a question of law[,] which this Court reviews de novo."  *Bullock v. State*, 1 So. 3d 941, 942 (¶4) (Miss. Ct. App. 2009) (quoting *Trustmark Nat'l Bank v. Johnson*, 865 So. 2d 1148, 1150 (¶8) (Miss. 2004)).  There are two avenues of appeal for a criminal defendant—(1) a direct appeal from the conviction and (2) an appeal from a post-conviction relief (PCR) motion.  *Shanks v. State*, 906 So. 2d 760, 761 (¶3) (Miss. Ct. App. 2004).  Norwood forfeited his right to a direct appeal when he pled guilty.  Miss. Code Ann. § 99-35-101 (Supp. 2014).  So his only available avenue was to bring a PCR motion. *Bullock*, 1 So. 3d at 943 (¶5).  But he failed to do so.

¶5.    What he was really doing here was fishing for documents.  However, the Uniform Post-Conviction Collateral Relief Act (UPCCRA) does not give a prisoner "the right to

---

[1]  Norwood was previously convicted of sexual battery.  As a sex offender, Norwood had to register with the responsible agency and the Mississippi Department of Public Safety. *See* Miss. Code Ann. § 45-33-25(1)(a) (Supp. 2014).  Norwood was also required to re-register every ninety days.  *See* Miss. Code Ann. § 45-33-31 (Supp. 2014).

[2]  Norwood raises several issues on appeal that were not raised below, which we decline to address.

institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to the appellate court as a separate and independent action." *Id*. at (¶7).

¶6.     But Norwood does have the option of requesting documents as part of a PCR motion. *Id*. at (¶6). If Norwood files a proper and timely PCR motion—and it withstands summary dismissal under Mississippi Code Annotated section 99-39-11(2) (Supp. 2014)—he then "may be entitled to trial transcripts or other relevant documents under the discovery provisions of [section] 99-39-15, upon good cause shown and in the discretion of the trial judge." *Bullock*, 1 So. 3d at 943 (¶6).

¶7.     We thus dismiss for lack of appellate jurisdiction.

¶8.     **THIS APPEAL IS DISMISSED WITHOUT PREJUDICE DUE TO LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**