# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00993-COA

**PERVIS L. EVERETT A/K/A PERVIS EVERETT A/K/A PERVIS LAGARREN EVERETT A/K/A PURVIS LAGARREN EVERETTE**                 APPELLANT

v.

**STATE OF MISSISSIPPI**                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/07/2024 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PERVIS L. EVERETT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/21/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A defendant's second petition for post-conviction relief was denied by a circuit court as time-barred and successive.  Finding no error, we affirm the circuit court's judgment on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2.     Pervis Everett pled guilty to one count of possession of cocaine with intent to distribute in January 2011.  After accepting his guilty plea, the Wayne County Circuit Court sentenced Everett to thirty years in the custody of the Mississippi Department of Corrections, with five years to serve and twenty-five years suspended, followed by ten years of post-

release supervision. Everett was released from prison in June 2011. However, his probation was subsequently revoked in 2018 after he was found in possession of methamphetamine.

¶3. In June 2021, Everett filed a petition for post-conviction collateral relief, "challenging the legality of his original sentence," claiming it "exceed[ed] the maximum penalty, and therefore" it was "illegal and excessive." *Everett v. State*, 372 So. 3d 127, 130 (¶7) (Miss. Ct. App. 2023). Finding "Everett's motion was time-barred and that [he] failed to meet his burden to overcome the statutory exception to the time-bar," the circuit court denied relief and dismissed the PCR petition. *Id.* at (¶8). Everett appealed the circuit court's denial, but this Court, too, found "his PCR motion . . . clearly time-barred" since it was filed "more than three years after his conviction and sentence." *Id.* at (¶11). Therefore, we "affirm[ed] the circuit court's dismissal of Everett's PCR motion." *Id.* at 132 (¶17).

¶4. Everett filed his present PCR petition in December 2023. The circuit court found this PCR petition was "barred as untimely" and "barred as successive." The circuit court further noted that Everett "failed to demonstrate evidence to meet the standard to overcome the procedural bar[s]." However, because he "claim[ed] that his constitutional rights ha[d] been violated," the court nonetheless addressed the merits and ultimately denied the petition. Aggrieved, Everett appeals.

¶5. Additionally, this Court "supplement[ed] the appellate record with Everett's guilty-plea and sentencing hearing transcripts in cause number 10-200-K and the August 6, 2024 PCR hearing transcript." *See* Order, *Everett v. State*, No. 2024-CP-00993-COA (Miss. Ct. App. Nov. 26, 2024).

**STANDARD OF REVIEW**

¶6. "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Shanks v. State*, 396 So. 3d 1199, 1201 (¶7) (Miss. Ct. App. 2024) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)).

**ANALYSIS**

¶7. Mississippi Code Annotated section 99-39-5(2) states that "in [the] case of a guilty plea," a PCR petition must be made "within three (3) years after entry of the judgment of conviction." Notably, all post-conviction "claims are time-barred if they are filed beyond the three-year time period *unless* the claim fits within one of the express statutory exceptions."[1] *Bell v. State*, 378 So. 3d 420, 421 (¶4) (Miss. Ct. App. 2023) (emphasis added) (citing *Howell v. State*, 358 So. 3d 613, 615 (¶¶7-8) (Miss. 2023)). But the defendant is who "must *prove* an exception applies" to overcome the statutory bar. *Id.* at (¶5) (emphasis in original); *see also Hyland v. State*, 401 So. 3d 1056,1059 (¶11) (Miss. Ct. App. 2024) (defendant "bears the burden to prove a statutory exception to the UPCCRA's statute of limitations").

¶8. Moreover, "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed." Miss. Code Ann. § 99-39-23(6). Therefore, it follows that an order dismissing or denying a PCR "shall be a bar to a second or successive motion under this article." *Id*.; *see also Hyland*, 401 So.

---

[1] *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2020) (listing the statutory exceptions to the three-year time-bar).

3d at 1059 (¶6) (finding that a PCR motion was properly dismissed as successive when it was "his second PCR motion").

¶9. Everett pled guilty and was sentenced by the circuit court in 2011. In accordance with Mississippi law, the statute of limitations for filing a PCR petition expired in January 2014. Everett filed his present PCR petition in December 2023, nearly ten years after his judgment of conviction and well beyond the three-year period allotted for seeking relief. Additionally, Everett's present PCR petition is a successive petition for post-conviction relief. Because his previous petition was denied, this successive one is barred. And Everett "has not demonstrated that any statutory exception applies" to overcome either the time-bar or the successive-writ bar. *Hyland*, 401 So. 3d at 1059 (¶11). Therefore, we do not consider the merits of his claims.

¶10. However, we note that the present PCR petition is the second one in which Everett has challenged the legality of his sentence. *Everett*, 372 So. 3d at 130 (¶12). Twice, this Court has found that the statute in effect at the time Everett pled guilty allowed for the sentence of which he now complains. *Id.* at 130-31 (¶13); *Everett v. State*, 373 So. 3d 143, 144-45 (¶6) (Miss. Ct. App. 2023); *see also Alexander v. State*, 979 So. 2d 716, 718 (¶4) (Miss. Ct. App. 2007) (finding that "[t]he statute provides for a maximum sentence of thirty years" and "does not require the defendant to sell any minimum amount of the controlled substance," nor is there a "minimum penalty").

¶11. Therefore, the circuit court was correct in denying and dismissing Everett's PCR petition as time-barred and successive.

## CONCLUSION

¶12.    Because Everett's PCR petition was untimely and successive, we find it barred by law.

Accordingly, we affirm the circuit court's denial and dismissal of Everett's PCR petition.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**