553 So.2d 505 (1989)
John T. FLEMING
v.
STATE of Mississippi.
No. 07-KP-59246.
Supreme Court of Mississippi.
November 15, 1989.
John T. Fleming, Parchman, pro se.
Mike C. Moore, Atty. Gen., Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
PRATHER, Justice, for the Court:
Fleming was indicted by the Hinds county Grand Jury at its January, 1987 term on a charge of possession of a controlled substance and also as an habitual offender under Miss. Code Ann. § 99-19-81 (1972), as amended. On August 12, 1987, Fleming, at the time represented by counsel, entered a plea of guilty and was sentenced to a term of three (3) years in the custody of the Mississippi Department of Corrections as an habitual offender. He was also ordered to pay a fine of thirty thousand dollars ($30,000.00).

I.
On May 20, 1988, in an original proceeding, Fleming filed a "Motion for Transcripts of Sentencing and Other Court Records" in the Hinds County Circuit *506 Court. In an order signed May 25, 1988, the circuit court, William F. Coleman presiding, denied Fleming's motion for the reason that Fleming "failed to show a basis or need."
Feeling aggrieved by that decision, Fleming appeals to this Court in forma pauperis.

II.
Preliminarily, there are two primary ways in which a criminal defendant may challenge a trial court proceeding: (1) a direct appeal from a conviction, or (2) a proceeding under the Post Conviction Relief Act. An appeal is a matter of statutory right and not based on any inherent common law or constitutional right. See Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-3313, 77 L.Ed.2d 987, 993 (1983); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894); Bennett v. State, 293 So.2d 1 (Miss. 1974); State v. Ridinger, 279 So.2d 618 (Miss. 1973); State v. Warren, 197 Miss. 13, 19 So.2d 491 (1944).
Under Miss. Code Ann. § 99-35-101 (1972) "any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty." This statute provides the avenue for direct appeal of a criminal conviction, but it does not permit an appeal from the denial of a motion for a transcript or other records as a separate action in and of itself. A defendant may raise such a claim within the context of a direct appeal under this section, as was the case in Fisher v. State, 532 So.2d 992 (Miss. 1988). However, Fleming pled guilty, did not directly appeal, and consequently was prevented from raising this claim within the context of a direct appeal.
The other avenue of appellate review available to Fleming is via the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq. (Supp. 1989). A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge. See also Miss. Code Ann. § 99-39-17 (Supp. 1989). If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99-39-25 which provides that final judgments entered under the Act may be reviewed by this Court on appeal brought by either the State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error, just as was done on direct appeal in Fisher, supra, and Ruffin v. State, 481 So.2d 312 (Miss. 1985).
However, nothing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action. Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral relief, nor is this claim raised as part of a direct appeal from conviction.
Therefore, this appeal should be dismissed due to a lack of jurisdiction. See Miss. Code Ann. § 99-39-7 (Supp. 1989); McDonall v. State, 465 So.2d 1077, 1078 (Miss. 1985). (having pled guilty, Fleming must resort first to the trial court). Fleming may seek production of the documents under the discovery provisions provided for by the Act. See Miss. Code Ann. § 99-39-15 (Supp. 1989).

III.
We also address the merits of the motion in order to express this Court's opinion that the lower court did not err. Fleming's motion filed in the trial court *507 basically states that Fleming desires to attack his conviction and sentence via the Uniform Post-Conviction Collateral Relief Act, and that he needs all transcripts and records therefrom so he can conduct a "fishing expedition" for grounds upon which to attack the conviction and sentence. Fleming has not shown a specific need, or that the documents sought are necessary to decide a specific issue.
The law does not require the state to furnish these documents free of charge under these circumstances. U.S. v. MacCollom, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); Campbell v. U.S., 538 F.2d 692, 693 (5th Cir.1976); U.S. v. Herrera, 474 F.2d 1049 (5th Cir.1973), cert. denied 414 U.S. 861, 94 S.Ct. 77, 38 L.Ed.2d 111 (1973); Cf. Fisher v. State, 532 So.2d 992, 999 (Miss. 1988); Ruffin v. State, 481 So.2d 312, 315 (Miss. 1985). MacCollom presented the question of whether 28 U.S.C. § 753 governing the availability to an indigent of a free transcript violated the constitution in the post-conviction collateral relief context. The prisoner in MacCollom was convicted, did not appeal, and two years later sought a free transcript of his trial so that he could prepare a petition for collateral relief. 426 U.S. at 319, 96 S.Ct. at 2089, 48 L.Ed.2d at 671.
Under 28 U.S.C. § 753, an indigent prisoner is entitled to a free transcript in pursuit of post-conviction collateral relief if a judge certifies that the claim is "not frivolous" and that the transcript is "needed to decide the issue presented." The United States Supreme Court held that requiring the prisoner to satisfy these conditions at the collateral review stage did not violate either the due process or equal protection guarantees of the U.S. Constitution. 426 U.S. at 325, 96 S.Ct. at 2091-92, 48 L.Ed.2d at 675. The court reasoned as follows:
Respondent in this case had an opportunity for direct appeal, and had he chosen to pursue it he would have been furnished a free transcript of the trial proceedings. But having foregone that right, and instead some years later having sought to obtain a free transcript in order to make the best case he could in a [collateral] proceeding, respondent stands in a different position.
* * * * *
We think the formula devised by Congress satisfies the equal protection component of the Fifth Amendment. Respondent chose to forego his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript which it offered in the first instance, although a criminal defendant of means might well decide to purchase such a transcript in pursuit of [collateral relief]. The basic question is one of adequacy of respondent's access to procedures for review of his conviction, [citation omitted], and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his ... claim is not frivolous, and that the transcript is needed to decide the issue presented.
426 U.S. at 324-26, 96 S.Ct. at 2091-92, 48 L.Ed.2d at 675.
In MacCollom, the prisoner "made only a naked allegation of ineffective assistance of counsel" and this was held insufficient to justify the awarding of a free copy of his trial transcript. 426 U.S. at 327, 96 S.Ct. at 2092, 48 L.Ed.2d at 676. Further, the court quoted Judge Haynsworth of the Fourth Circuit, who said that "[t]he usual grounds for successful collateral attacks upon convictions arise out of occurrences outside the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of transcript [to support his claim], but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for *508 collateral attack." See U.S. v. Shoaf, 341 F.2d 832, 835 (4th Cir.1964). Moreover, a petitioner is not required to prove his claim, only to demonstrate that his claims is not frivolous. 426 U.S. at 326, 96 S.Ct. at 2092, 48 L.Ed.2d at 675.
The same things can be said about Fleming in the present case. By pleading guilty, and bypassing the opportunity for direct appeal, he forfeited his right to a free transcript, assuming he was indigent at the time. Having done so, it is not unreasonable, and certainly not unconstitutional, to require him to demonstrate some specific need before requiring the State or county to furnish him with free copies of trial records at this stage. The State is not required to subsidize "fishing expeditions" at the collateral review stage merely because the petitioner is indigent. See Campbell v. U.S., supra; Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir.1975); U.S. v. Herrera, supra; Cf. Fisher v. State, supra.
Having instituted an action outside the Post Conviction Relief Act, and having further failed to demonstrate any need other than a desire to pick the bones of his conviction and sentencing proceedings for any possible infirmity, Fleming was not entitled to a free copy of the transcript and other court records.

IV.
This Court dismisses this appeal on jurisdiction grounds for the reasons previously stated. The Court notes en route that the trial court's ruling denying Fleming's request was proper under the cases herein cited.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.