960 So.2d 597 (2007)
Lenzy Louis HODGIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01955-COA.
Court of Appeals of Mississippi.
July 17, 2007.
Lenzy Louis Hodgin, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On June 29, 2004, Lenzy Hodgin was convicted by a jury in Sunflower County Circuit Court of sexual battery. Hodgin appealed but failed to file a brief and his appeal was dismissed by the Supreme Court Clerk's office on June 14, 2005. Hodgin subsequently filed two motions seeking reinstatement of the appeal but both were denied. Hodgin then filed a motion with the supreme court for leave to seek post-conviction relief in the trial court. The supreme court dismissed Hodgin's motion without prejudice on July 20, 2006, finding that he failed to comply with the requirements of Mississippi Code Annotated Section 99-39-9 (Supp.2006).
¶ 2. Rather than cure any deficiency in his motion for leave to proceed in the trial court, Hodgin instead filed a petition for production of discovery evidence, records and trial transcripts in the trial court. On October 13, 2006, the trial court denied Hodgin's petition finding that the trial court did not have jurisdiction since Hodgin had not received an order from the supreme court allowing him to file for relief in the lower court. Hodgin now appeals to this Court asserting that the trial court erred in denying his motion for production of discovery evidence, records and trial transcripts.

DISCUSSION
¶ 3. In his only issue on appeal, Hodgin argues that the trial court erred in denying his motion for production of discovery evidence, records and trial transcripts. Hodgin relies upon Fleming v. State, 553 So.2d 505 (Miss.1989) (superseded by statute as stated in Beckwith v. State, 615 So.2d 1134, (Miss.1992)), for the proposition that on direct appeal an indigent defendant *598 is entitled to a free transcript. However, in Fleming, the supreme court stated the following:
[N]othing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action. Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral relief, nor is this claim raised as part of a direct appeal from conviction.
Id. at 506. Furthermore, Hodgin's appeal was dismissed and he failed to present a viable motion seeking leave to file a motion for post-conviction relief. See Miss.Code Ann. § 99-39-7 (Supp.2006) (procedure for filing motion to proceed in trial court with supreme court); Miss.Code Ann. § 99-39-27 (Supp.2006) (requirements for a viable application for leave to proceed in the trial court). We find that the trial court was correct in denying Hodgin's motion for want of jurisdiction. We find no merit to this appeal.
¶ 4. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING THE MOTION FOR LACK OF JURISDICTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.