IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. On July 20, 2009, Larry Wooten pleaded guilty to two counts of selling less than thirty grams of marijuana. Following his plea, the Rankin County Circuit Court sentenced Wooten to nine years in the custody of the Mississippi Department of Corrections.
 
 [1]
 
 On May 5, 2010, Wooten filed a motion for post-conviction relief (PCR). The circuit court dismissed Wooten’s PCR motion. Feeling aggrieved, Wooten appeals and asserts that: (1) his guilty plea was involuntary; (2) he was subjected to “vindictive prosecution”; (3) he received ineffective assistance of counsel; and (4) his sentence constitutes cruel and unusual punishment.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. On October 21, 2008, a Rankin County grand jury indicted Wooten for two counts of the sale of less than thirty grams of marijuana. Wooten was subject to enhanced punishment because the sales occurred within 1,500 feet of a church and because he had previously been convicted of possession of cocaine in 2006. Additionally, Wooten was subject to enhanced punishment as a habitual offender.
 
 [2]
 

 ¶ 4. On December 24, 2008, Wooten filed a pro se motion for discovery. On January 8, 2009, the State responded to Wooten’s motion for discovery; however, the letter was addressed to Wooten’s court-appointed attorney. In the letter, the State wrote that it had enclosed the requested discovery with the exception of “work-product or other privileged information.”
 

 ¶ 5. As part of Wooten’s plea agreement, the State agreed not to seek enhanced punishment for the sale of marijuana within 1,500 feet of a church.
 

 ¶ 6. Additional facts, as necessary, will be related during our discussion and analysis of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 7. “When reviewing a lower court’s decision to deny a petition for post-
 
 *549
 
 conviction relief, [an appellate court] will not disturb the trial court’s factual finding unless they are found to be clearly erroneous.”
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999) (citing
 
 Bank of Mississippi v. Southern Mem’l Park, Inc.,
 
 677 So.2d 186, 191 (Miss.1999)). However, questions of law are reviewed de novo.
 
 Id.
 

 1. Involuntary Guilty Plea
 

 ¶ 8. Wooten argues that his guilty plea is invalid because it was involuntary. Specifically, Wooten alleges that his attorney coerced him into pleading guilty. However, other than the assertions in his brief, Wooten has presented no evidence that his plea was coerced. Furthermore, in his plea petition, Wooten declared that he had not been threatened, coerced, or intimidated and that his decision to plead guilty was “free from any outside influences.” Based on Wooten’s sworn answers within his plea petition, Wooten made his plea voluntarily, knowingly, and intelligently. Furthermore, during his plea colloquy, Wooten stated under oath that he was freely and voluntarily pleading guilty. This issue is without merit.
 

 2. Vindictive Prosecution
 

 ■ ¶ 9. Wooten contends that he was subjected to vindictive prosecution when he was denied discovery. However, the record contains a letter from the State to Wooten’s attorney, responding to the request for discovery. While the State declined to send privileged information and its work-product, we cannot say, based our review of the record, that Wooten was denied discovery. Furthermore, this Court has held that a valid guilty plea acts as a waiver of any discovery violations that might have occurred.
 
 Swift v. State,
 
 815 So.2d 1230, 1234 (¶ 12) (Miss.Ct.App.2001). As discussed above, Wooten’s guilty plea was valid; therefore, this issue is without merit.
 

 3.Ineffective Assistance of Counsel
 

 ¶ 10. Wooten argues that he received ineffective assistance of counsel because his court-appointed attorney failed to adequately communicate with him prior to the plea hearing. To succeed in a challenge to the effectiveness of counsel, Wooten must prove that his counsel was deficient and that this deficiency prejudiced Wooten.
 
 Doss v. State,
 
 19 So.3d 690, 694-95 (¶ 7) (Miss.2009) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Both prongs must be pleaded with specific detail.
 
 Coleman v. State,
 
 749 So.2d 1003, 1012 (¶ 27) (Miss.1999). In the context of PCR cases, specificity requires more than a party’s own affidavit or mere assertions made within his brief.
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995). Wooten has failed to provide any affidavits in support of his ineffective-assistance-of-counsel claim. Instead, his claim is based solely on the assertions made in his brief. Therefore, Wooten has failed to meet the standards of
 
 Strickland
 
 and
 
 Vielee.
 
 Furthermore, during his plea colloquy, Wooten stated under oath that he was satisfied with his attorney’s representation and that he had no complaints to make against her. This issue is without merit.
 

 I. Unconstitutional Sentence
 

 ¶ 11. Finally, Wooten argues that his sentence constitutes cruel and unusual punishment. Wooten pleaded guilty to two counts of selling less than thirty grams of marijuana, for which the maximum sentence is three years for each count. Miss.Code Ann. § 41-29-139(b)(3) (Rev.2009). However, Wooten was subject to enhanced punishment as a subsequent
 
 *550
 
 offender.
 
 [3]
 
 Additionally, as a habitual offender, the circuit court was required to sentence Wooten to the maximum term of imprisonment allowed under section 41-29-139(b)(3), and Wooten is not eligible for parole or probation.
 
 [4]
 
 On Count I, Wooten pleaded as both a habitual offender and a subsequent offender, but on Count II, Wooten pleaded only as a habitual offender. Therefore, the circuit court sentenced Wooten to six years for Count I and three years for Count II, to be served consecutively, for a total of nine years.
 

 ¶ 12. While a sentence may be subject to attack if it is “grossly disproportionate” to the crime committed, a sentence will not be subject to appellate review when it falls within the limits prescribed by statute.
 
 Johnson v. State,
 
 950 So.2d 178, 183 (¶22) (Miss.2007). “Generally, sentences that do not exceed the maximum term allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal.”
 
 Id.
 
 (quoting
 
 Mingo v. State,
 
 944 So.2d 18, 31 (¶ 61) (Miss.2006)). The sentence imposed does not exceed the statutory maximum; therefore, it may not be disturbed on appeal. This issue is without merit.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Wooten received enhanced punishment as a subsequent and habitual offender.
 

 [2]
 

 . Wooten was convicted of grand larceny in 1995, burglary in 1998, and the previously mentioned cocaine possession in 2006.
 

 [3]
 

 . Mississippi Code Annotated section 41-29-147 (Rev.2009) provides in pertinent part:
 

 [A]ny person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
 

 [4]
 

 . Mississippi Code Annotated section 99 — 19— 81 (Rev.2007) provides:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.