# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-00427-SCT

*TIMOTHY GENE PRYER a/k/a TIM a/k/a*
*TIMOTHY PRYER a/k/a TIMOTHY G. PRYER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/30/2012 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | ITAWAMBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY GENE PRYER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/05/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1. Timothy Pryer repeatedly requested documents from the Circuit Clerk of Itawamba County pursuant to the Mississippi Public Records Act. The circuit judge twice denied the request, finding that the documents did not exist within the clerk's file. Pryer appealed the latter order and the Court of Appeals affirmed, whereupon we granted a writ of *certiorari*. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Pryer sought from the circuit court: "the Order givin[g] Carol Gates the Office of Judge de facto or pro tempore and the order givin[g] Carol Gates authority to appoint indigent counsel for December 2, 2004 [hearing] and the names of the 40 plus souls and their addresses according to the record."[1] The Itawamba County Circuit Court issued an order on June 6, 2011, "denying Pryer records and construing a request for records as a petition for **Post-Conviction Relief (PCR)**." (Emphasis in original.) This order does not appear in the record but is mentioned in the "Motion to Show Cause" filed by Pryer on June 20, 2011. In that motion, Pryer alleged:

> that on December 2, 2004 A.D., Carol Gates[2] presided over an Indictment **Arraignment** as **Judge de facto** or **pro tempore** in the absence of **Paul Funderburk**.[3] That forty (40) plus souls were arraigned and that Carol Gates appointed indigent counsel by the name of Hon. **Carolyn Benson** to represent some or all of the forty (40) plus souls. Because Carol Gates is **not** licensed to practice law, Carolyn Benson received State funds under false pretenses, **Funderburk and Gates** facilitated the crime and are accessories before the

---

[1] Though it is unclear precisely what Pryer was seeking, he requested "Court Orders" and "names that were docketed December 2, 2004." Seemingly, he wants a copy of the circuit court's criminal docket, along with the names and addresses of defendants arraigned on the same day as he.

[2] Carol Gates is, and was in 2004, the Clerk of the Circuit Court of Itawamba County. Secretary of State, *2004-2008 Official and Statistical Register*, *Mississippi* (*Blue Book*) 289 (2005).

[3] Honorable Paul S. Funderburk is, and was in 2004, one of the circuit court judges serving Itawamba County. Secretary of State, *2004-2008 Official and Statistical Register*, *Mississippi* (*Blue Book*) 194 (2005).

fact. Because **Gates** and **Judge Garner**[4] [sic] have obviously conspired to circumvent the law and procedure, they are **accessories after the fact**.

(Emphases in original.) Asserting that "[t]he truth will come out," Pryer requested the above documents from the circuit judge.

¶3.    On December 19, 2011, Pryer filed a petition for writ of mandamus in this Court, requesting that we direct the circuit judge to enter an order on the "Motion to Show Cause." This Court granted the petition for writ of mandamus on January 18, 2011, and the circuit court proceeded to enter an order on February 1, 2012. That order denied Pryer's motion, explaining that the documents requested were "not contained with the Circuit Clerk's file" and that "[t]his motion contains the exact same requests as the previously filed motions." The court continued, "the Motion to Show Cause contains completely unfounded and slanderous allegations against several court officials."

¶4.    The Court of Appeals affirmed the judgment of the Itawamba County Circuit Court, holding that "we have no reason to believe that any such documents do exist. It further appears that Pryer is merely on a 'fishing expedition' for grounds upon which to attack his conviction and sentence." *Pryer v. State*, 2013 WL 2399645, at *2 (Miss. Ct. App. June 4, 2013). In his petition for writ of *certiorari*, Pryer argues that the Court of Appeals erred in two ways. First, Pryer argues that the circuit court lacked jurisdiction to treat his request as a petition for post-conviction relief, since he explicitly requested the documents pursuant to

---

[4]This may be a reference to Honorable Thomas J. Gardner, III, Senior Circuit Court Judge for Itawamba County. Secretary of State, *2004-2008 Official and Statistical Register*, *Mississippi* (*Blue Book*) 194 (2005).

3

the Public Records Act. Second, Pryer contends that the Court of Appeals erroneously excepted prisoners from the Public Records Act. He reasserts that "the Circuit Court Judges of Itawamba County . . . [are] signing generic orders and allowing clerks to officiate arr[a]ignments. . . . The practice is unlawful and Pryer needs public records to prove it." He concludes that "[t]his is the main reason the legislature enacted the Public Records Act" and that he "prays this Honorabl[e] Court will settle this question so as to keep the right to access public records to all humans as persons."

## ANALYSIS

¶5.     The Mississippi Constitution vests the circuit courts and the chancery courts of this State with their jurisdiction.  "The circuit court shall have original jurisdiction in *all* matters civil and criminal in this state not vested by this Constitution in some other court . . . ." Miss. Const. art. 6, § 156 (emphasis added). The Constitution further provides that: "[t]he Supreme Court shall have such *jurisdiction as properly belongs to a court of appeals* and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law." Miss. Const. art. 6, § 146 (emphasis added). The legislature has spoken to the meaning of "appellate jurisdiction": "An appeal may be taken to the Supreme Court from *any final judgment* of a circuit or chancery court . . . ." Miss. Code Ann. § 11-51-3 (Rev. 2012) (emphasis added). Further,

> [t]he essential criterion of appellate jurisdiction is that it revises and corrects
> the proceedings of a cause already instituted, and does not create that cause.
> In reference to judicial tribunals, an appellate jurisdiction, therefore,
> necessarily implies that the subject-matter has been already instituted in and

4

acted upon by some other court, whose judgment or proceedings are to be revised.

***Illinois Cent. R. Co. v. Dodd***, 105 Miss. 23, 43, 61 So. 743, 743-44 (1913).

¶6.     The circuit court denied both Pryer's first request for documents and Pryer's subsequent and successive "Motion to Show Cause." The circuit court's order on the "Motion to Show Cause" states that "[t]his motion contains the exact same requests as the previously filed motions," that the documents "are not contained with the Circuit Clerk's file," and that Pryer's allegations against court officials are "unfounded and slanderous." The Court of Appeals termed Pryer's request a "fishing expedition." ***Pryer v. State***, 2013 WL 2399645, at *5 (Miss. Ct. App. June 4, 2013). The Itawamba County Circuit Court's ruling on Pryer's "Motion to Show Cause" was a final judgment. Pryer's appeal from that final judgment was appealable to this Court under its constitutional appellate jurisdiction and assignable by this Court to the Court of Appeals.

¶7.     The Mississippi Public Records Act states: "[a]ny person denied the right granted by Section 25-61-5 to inspect or copy public records may institute a suit in the chancery court of the county in which the public body is located, and the court shall determine whether such public record is exempt from the provisions of this chapter . . . ." Miss. Code Ann. § 25-61-13(1)(a) (Rev. 2010). The statute provides parties aggrieved by the denial of public records the *option* of filing suit in the chancery court as a means of seeking relief. The Court of Appeals never stated or suggested that prisoners are outside the scope of the Public Records Act. If Pryer so desires, he may, pursuant to the statute, institute a suit in the Chancery Court

5

of Itawamba County.[5] Nothing in the Court of Appeals decision or in the order of the circuit court prevents his doing so, and this Court's ruling today does not impede Pryer's statutory right to file such an action, should he choose to do so.

¶8. Instead of utilizing the statutory procedure for denial of public records requests, Pryer filed his Motion to Show Cause in circuit court. Upon denial of that motion, he filed a notice of appeal in this Court, and his case was assigned to the Court of Appeals. Pryer now complains of a jurisdictional defect. He states that "the Circuit Court had no jurisdiction to entertain a Public Records request as a Post Conviction Relief petition." We cannot say whether the circuit court treated Pryer's initial request as a motion for post-conviction relief, since that order neither appears in the appellate record nor was it appealed. But in its order on the Motion to Show Cause, the circuit court did not make reference to the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2007). The circuit court simply denied the motion and held that the documents were "not

---

[5]If, instead of seeking circuit court records, Pryer had sought records from the Itawamba County Chancery Court, we would have been left to ponder the statute's functionality. According to the statute, had Pryer been denied records by the Itawamba County Chancery Court, one option for Pryer would have been institution of a suit in that very same chancery court.

contained with the Circuit Clerk's file."[6] Thus, the record provides no indication that the circuit court treated Pryer's Motion to Show Cause as a petition for post-conviction relief.

¶9. The Court of Appeals, however, applied the standard from *Fleming v. State* requiring prisoners seeking post-conviction relief to "show[] a specific need, or that the documents sought are necessary to decide a specific issue." *Pryer*, 2013 WL 2399645, at *2 (citing *Fleming v. State*, 553 So. 2d 505, 507 (Miss. 1989)). While we find that the Court of Appeals incorrectly assumed that Pryer's Motion to Show Cause was treated by the circuit court as a petition for post-conviction relief, we do not find that the circuit court was without jurisdiction to rule upon the motion. The Court of Appeals stated that "we have no reason to believe that any such documents do exist," and we agree. *Pryer*, 2013 WL 2399645, at *2.

¶10. We affirm the decision of the Court of Appeals and that of the Circuit Court of Itawamba County.

¶11. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, PIERCE, AND KING, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND COLEMAN, JJ.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

---

[6]The circuit court controls its own records. *See* URCCC 1.12 ("No record, or any part of a file of court papers, shall be taken from the clerk's custody without a written order from the judge to the clerk."); Miss. Code Ann. § 9-1-29 (Rev. 2002) ("Each court shall have control over all proceedings in the clerk's office . . . ."). Numerous statutes set forth the duties of the circuit clerk with regard to record-keeping. *See* Miss. Code Ann. §§ 9-7-127 to -181 (Rev. 2002).

¶12. If a news organization filed a public-records request exactly like the one Timothy Pryer filed, I firmly believe the majority would be taking a different view. But the simple truth is that, because he does happen to be an inmate, the Court of Appeals – and now the majority of this Court – deny him the statutory right to file a public-records request. Because nothing in the public-records statutes denies an inmate the same access to public records as a news organization (or anyone else, for that matter), I respectfully dissent.

¶13. Mississippi's Public Access to Public Records Act of 1983 ("Public Records Act") states: "It is the policy of the Legislature that public records must be available for inspection *by any person* unless otherwise provided by this Act."[7] And because the majority neither cites nor points to any exemption or exclusion for inmates, it is fair to conclude that the Legislature intended the Public Records Act to apply to inmates.

¶14. So, let us assume for a moment that, instead of Pryer, a news organization suspected that – in the absence of any circuit judge – the circuit clerk of Itawamba County illegally presided over forty circuit-court arraignments, taking pleas, setting trial dates, and assigning counsel to indigent defendants. If that newspaper wished to engage in a "fishing expedition" to see if there were documents in the circuit court files to support the suspicion, no one would think anything about it. But, because Pryer is an inmate, rather than a news organization or ordinary citizen, the majority denies him the right to make a request under the Public Records Act. I cannot agree with this unsupported judicial prohibition.

---

[7] Miss Code Ann. § 25-61-1 (Rev. 2010) (emphasis added).

8

¶15.    There can be no doubt that Pryer filed a request for public documents under the Public Records Act.  In his request, he clearly set forth that he was not attempting to file a petition for post-conviction relief, but rather that the Mississippi Public Records Act entitled him to access to the documents.  When the circuit court responded that the requested documents did not exist within the Clerk's files, Pryer filed an appeal, and the Mississippi Court of Appeals held that he was on a "fishing expedition."[8]  Again, my view is that the Public Records Act allows "any person" to request public records, and it has no exemption for "fishing expeditions."  In fact, most public-records requests probably are fishing expeditions.  But because of Pryer's status as an inmate, the majority thinks he is not entitled to make the request.

¶16.    At issue here is the nature of Pryer's request and the appropriate forum for review of the circuit court's failure to produce the requested documents.  Pryer requested access pursuant to the Mississippi Public Records Act,[9] but the Court of Appeals ignored the mandate within the Public Records Act and affirmed based on the statutory post-conviction-relief discovery provisions.[10]

### *Requests for Documents under the Public Records Act*

---

[8] ***Pryer v. State***, 2013 WL 23 99645 (Miss. Ct. App. June 4, 2013) (citing ***Fleming v. State***, 553 So. 2d 505, 507 (Miss. 1989)).

[9] Miss. Code Ann. § 25-61-5 (Rev. 2010).

[10] Miss. Code Ann. § 99-39-15 (Rev. 2007).

¶17. Stated again for clarity, the purpose of the Mississippi Public Records Act is to provide every person – there is no exception within the statutes for inmates – with broad access to public records.[11] Any person may make a request to a public body for access to documents in its possession.[12] Here, Pryer made his request to the circuit court.

¶18. The statutes provide that, where the public body – again, here, the circuit court – denies access to the requested documents, that person may challenge the denial by "institut[ing] a suit in the chancery court of the county in which the public body is located" to compel access.[13] The chancellor must then determine whether the public body improperly denied access to the document in question.[14] An individual aggrieved by the chancellor's decision may then appeal and is subject to "all the rights and rules of appeal for other suits arising in the chancery court."[15]

¶19. Pryer believed that the Circuit Court of Itawamaba County – clearly a public body – possessed public documents that he wished to see, so he requested access to those documents. The circuit court denied access, triggering Pryer's right to *file an action in the*

---

[11] Miss. Code Ann. § 25-61-2 (Rev. 2010).

[12] Miss. Code Ann. § 25-61-5.

[13] Miss. Code Ann. § 25-61-13 (Rev. 2010).

[14] *Id.*

[15] *Id.*

*chancery court.*[16] Instead, Pryer commenced an original action in the appellate courts of this State to enforce his rights under the Public Records Act.

¶20.   When a public body – whether the circuit court, the Mississippi Tax Commission, or any other public body – denies a request made pursuant to the Public Records Act, the aggrieved individual's only remedy is to initiate an *original action* in the chancery court. Neither this Court nor the Court of Appeals may constitutionally hear original civil actions. We do not sit as a trial court, and we do not make fact-finding decisions.  Instead, as provided in the Public Records Act, an aggrieved person must bring suit in the chancery court.[17]

¶21.   Section 25- 61-13 states that "[a]ny person denied the right granted by Section 25-61-5 to inspect or copy public records *may* institute a suit in the chancery court of the county in which the public body is located, and the court shall determine whether such public record is exempt from the provisions of this chapter . . . ."[18]  The majority suggests the permissive word "may" leaves open other avenues, and that the chancery court is only one of other possible unnamed avenues to seek relief. I find the better interpretation of "may" – as used in the statute – is that an aggrieved party "may" (has permission, but is not required to) file a lawsuit when such a denial has occurred.  The unambiguous language of Section 25-61-13

---

[16] Miss. Code Ann. § 25-61-13 (Rev. 2010).

[17] *Id.*

[18] *Id.*

11

provides only a single avenue to challenge denials under the Public Records Act – *"institute a suit in the chancery court. . . ."*[19]

¶22.    The majority also points  out that this Court has appellate jurisdiction over final, appealable orders,[20] but it fails to recognize that the circuit court's denial of Pryer's request was simply that: a denial of a public-records request.  Pryer's request to the circuit clerk for documents was denied by the circuit judge, who stated that the records did not exist.  Having been denied the requested documents, Pryer's only remedy was to file a case in the chancery court.[21]

¶23.    The trial judge's response to Pryer's request to the circuit clerk for documents was not an order.  While it is true that the judge styled the denial as an "order," he ordered nothing. He merely denied a records request. I would not hold that denials of requests for public records are final, appealable orders, capable of being appealed to the Supreme Court.  Surely my friends in the majority do not mean to conclude that, for instance, where a justice court judge denies a request for public documents, the justice court judge's order is a "final, appealable order" to the Supreme Court.  The fact that a judge, rather than the circuit clerk, responded to Pryer's request does not transform the denial into a "final, appealable order."

¶24.    Pryer made a public-records request for public documents pursuant to the Public Records Act.  He made his request to the public body he believed was in possession of the

---

[19] *Id.*(emphasis added).

[20] Miss. Code Ann. § 11-51-3 (Rev. 2002).

[21] *Id.*

12

public records. Regardless of the public body's reason for denying the request, the sole remedy for the denial is to institute an original civil action in chancery court, and neither this Court nor the Court of Appeals has the authority or jurisdiction to designate the request a "fishing expedition," though the request very well may be one.

> ***Neither this Court nor the Court of Appeals has subject-matter jurisdiction to hear an original civil action challenging denial of a request for public records.***

¶25. While we are indeed the Supreme Court, our jurisdiction is limited to that granted to us by the Mississippi Constitution and the Legislature,[22] and neither has granted us the jurisdiction to hear original civil actions challenging a denial of public records under the Public Records Act. In fact, Section 25-61-5 – which sets forth the procedure for all denials under the Public Records Act – specifically grants the *chancery court* – and *only* the chancery court – jurisdiction to hear suits to compel access under the Public Records Act.[23]

¶26. So, when the circuit court denied Pryer's request for public records, his only remedy was to initiate an original action in the Chancery Court of Itawamba County.[24] Instead, Pryer attempted to appeal the circuit court's denial of the public records, and instead of dismissing the improper appeal, we improperly referred it to the Court of Appeals. But, because I

---

[22] Miss. Const. art. 6, § 146; Miss. Code Ann. § 9-4-3 (Rev. 2002).

[23] Miss. Code Ann. § 25-61-13 (Rev. 2010).

[24] *Id.*

would find that we were without jurisdiction to hear the appeal, so was the Court of Appeals.

I would vacate the decision of the Court of Appeals and dismiss this appeal.

**CHANDLER AND COLEMAN, JJ., JOIN THIS OPINION**.