MAKWELL, J.,
for the Court:
¶ 1. Larry Wooten appeals the circuit court’s denial of his motions to recuse and to compel discovery related to his 2009 guilty pleas to two marijuana sales. Because we lack jurisdiction, we dismiss Wooten’s appeal.
Facts and Procedural History
¶ 2. On July 20, 2009, Wooten pled guilty to two counts of selling less than thirty grams of marijuana. He was sentenced as a habitual and subsequent offender to nine years’ imprisonment. On May 5, 2010, Wooten filed a motion for post-conviction relief (PCR), which was dismissed by the circuit court. Wooten appealed that dismissal, and this court affirmed on June 7, 2011. See Wooten v. State, 73 So.3d 547, 550 (¶ 13) (Miss.Ct.App.2011).[1] We later *323 denied his request for rehearing on October 25, 2011. See id.
¶ 3. Wooten did not seek certiorari review with the Mississippi Supreme Court. Instead, on December 17, 2012, he filed motions in the circuit court seeking (1) to recuse Circuit Court Judge John Emfinger and (2) to compel discovery relating to his guilty plea. But when he filed these motions, there was no action pending in the circuit court. Another odd twist was that the recusal request was aimed at Judge Emfinger, who had no prior judicial dealings with Wooten.[2] Lacking any viable support for Wooten’s motions, Judge Chapman entered an order denying them. Wooten appealed.
Discussion
¶4. On appeal, Wooten insists Judge Chapman erred in denying his motions for discovery and recusal. But since we lack jurisdiction, we do not address the merits of Wooten’s arguments.
¶ 5. In Mississippi, there are “two primary ways in which a criminal defendant may challenge a trial court proceeding: (1) a direct appeal from a conviction, or (2) a proceeding under the [Uniform] Post[-]Convietion [Collateral] Relief Act [ (UPCCRA) ].” Fleming v. State, 553 So.2d 505, 506 (Miss.1989). “An appeal is a matter of statutory right and not based on any inherent common law or constitutional right.” Id.
¶ 6. While Mississippi Code Annotated section 99-35-101 (Supp.2013) authorizes persons convicted of crimes in our circuit courts to directly appeal their convictions to our supreme court, it “does not permit an appeal from the denial of a motion for a transcript or other records as a separate action in and of itself.” Fleming, 553 So.2d at 506.
¶ 7. Nor does the second available option for appellate review, the UPCCRA, authorize a separate, independent action for the sole purpose of discovery or record seeking. Id. Rather, under the UPCCRA, “[a] prisoner who has filed a proper motion ..., and whose motion has withstood summary dismissal under § 99-39-11(2) [(Supp.2013)], may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15 [ (Rev.2007) ], upon good cause shown and in the discretion of the trial judge.” Fleming, 553 So.2d at 506. And if the request for documents is denied, and the overall PCR petition is denied, a prisoner may appeal under Mississippi Code Annotated section 99-39-25 (Rev.2007). Fleming, 553 So.2d at 506. Within the PCR appeal, “the prisoner may include the claim that the denial of his request for transcripts or other documents was error[.]” Id. But there is no independent avenue to fish for a free transcript or other documents and then appeal if denied relief.
¶ 8. Our supreme court has strongly emphasized that “nothing in the [UPCCRA] or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court’s ruling, to directly appeal that ruling to this court as a separate and independent action.” Id. So Wooten has no procedural mechanism to institute his requested motions.
¶ 9. Since Wooten did not file his request for transcripts or audio tapes as part of a PCR motion or as part of a direct appeal from his conviction, the proper recourse is to dismiss for lack of jurisdiction. See id.; *324 see also Hodgin v. State, 960 So.2d 597, 598 (¶¶3-4) (Miss.Ct.App.2007) (affirming the denial of a request for transcripts because jurisdiction was lacking). Thus, we dismiss the appeal.
¶ 10. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR.

. In Wooten’s PCR appeal, this court held that Wooten waived his right to assert any discovery violations that may have occurred since Wooten entered a valid guilty plea. See Wooten, 73 So.3d at 549 (¶ 9) (citing Swift v. State, 815 So.2d 1230, 1234 (¶ 12) (Miss.Ct. App.200I)). This court also determined that Wooten’s sentence was not cruel and unusual, and that Wooten did not receive ineffective assistance of counsel. See id. at 549-50 (¶¶ 10-12).

. Judge William Chapman presided over both Wooten's criminal case and PCR motion.