# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02058-COA

**MICHAEL HAYNES**                                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                **APPELLEE**

DATE OF JUDGMENT:            11/04/2013
TRIAL JUDGE:                 HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:   LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MICHAEL HAYNES (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     DISMISSED WITH PREJUDICE
DISPOSITION:                 APPEAL DISMISSED - 09/15/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., MAXWELL AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     Michael Haynes appeals from an order of the Lincoln County Circuit Court denying his motion for records and transcripts related to his convictions for sexual battery. Because a prisoner such as Haynes has no right to bring an independent action for free transcripts or other documents, we dismiss for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1991, Haynes pled guilty to one count of grand larceny in Lincoln County Circuit Court cause number 10,995. Haynes later filed a motion for post-conviction relief, which the circuit court denied on the merits. Haynes did not timely appeal. In 1992, Haynes

completed his grand larceny sentence and was released.

¶3.     In 1993, Haynes was convicted on multiple counts of sexual battery in Lincoln County Circuit Court cause number 11,182.  He was sentenced to serve thirty years' imprisonment as a habitual offender and remains incarcerated under that sentence.  Haynes has since sought leave to pursue post-conviction relief attacking this sentence at least six different times.  In 2005, the Mississippi Supreme Court warned him that future frivolous filings would result in sanctions.  Undeterred, Haynes filed again and was sanctioned for it in 2009.  *See Haynes v. State*, Order, No. 2005-M-01988 (Miss. Apr. 29, 2009) (imposing a sanction of $100).

¶4.     Separately, in 2011, Haynes sought permission to file an out-of-time appeal from his 1991 grand larceny conviction.  The circuit court denied his motion, and the Supreme Court affirmed that Haynes was not entitled to an out-of-time appeal.  *In re Michael Haynes*, No. 2011-M-00877 (Miss. Oct. 17, 2012).

¶5.     Most recently, on August 12, 2013, Haynes filed a motion for records and transcripts in the Lincoln County Circuit Court.  Haynes's latest motion expressly stated that it was related to his sexual battery conviction and sentence and referenced the cause number of that case (11,182).  The circuit clerk assigned the motion a new civil action number (2013-0337-LT).  The circuit court dismissed Haynes's motion with prejudice, finding that Haynes was not entitled to records or transcripts because he failed to state any viable claim for post-conviction relief.

¶6.     Haynes filed a notice of appeal from the order denying his motion for transcripts and records.  His notice of appeal was filed in the new circuit court civil case (2013-0337-LT)

2

but identified the cause number of his 1991 grand larceny case (10,995) rather than that of his 1993 sexual battery case (11,182). Haynes subsequently sought to "correct" the appellate record to include various documents, information, and transcripts from the grand larceny case. However, the circuit court denied his requests, finding that the documents were irrelevant to his motion for transcripts and records — which expressly referenced and clearly related to the sexual battery conviction — and, thus, irrelevant to this appeal.

¶7. Haynes's brief on appeal raises only a series of direct, substantive challenges to his 1991 guilty plea in the grand larceny case. Indeed, his brief reads as if this were a direct appeal in that case, even though both the circuit court and the Supreme Court previously denied him permission to bring an out-of-time direct appeal. Haynes does not mention, let alone address, the order denying his motion for transcripts and records from which his notice of appeal was filed.

**ANALYSIS**

¶8. "Our supreme court has strongly emphasized that 'nothing in the [Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to 99-39-29 (Rev. 2007 & Supp. 2014),] or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this court as a separate and independent action.'" *Wooten v. State*, 127 So. 3d 322, 323 (¶8) (Miss. Ct. App. 2013) (quoting *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989)). That is precisely what Haynes attempted to do here. Therefore, regardless of whether his motion for records and transcripts

3

related to his conviction for sexual battery or grand larceny,[1] the circuit court properly denied the motion, and this appeal must be dismissed for lack of jurisdiction. *Id.* at (¶9).

¶9. As the Supreme Court explained in *Fleming*,

> A prisoner who has filed a proper motion [for post-conviction relief], and whose motion has withstood summary dismissal under [Miss. Code Ann.] § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge. If the prisoner's request for transcripts or other documents is denied, and his overall petition is ultimately denied, then he may appeal the denial of his petition for collateral relief pursuant to § 99-39-25 which provides that final judgments entered under the Act may be reviewed by this Court on appeal brought by either the State or the prisoner. Within that appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error . . . .

> *However, nothing in the Uniform Post-Conviction Collateral Relief Act or elsewhere gives a prisoner the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the trial court's ruling, to directly appeal that ruling to this Court as a separate and independent action.* Fleming did not file his request for free transcript and other documents as part of a motion under the Act for post-conviction collateral relief, nor is this claim raised as part of a direct appeal from conviction.[2]

> Therefore, this appeal should be dismissed due to a lack of jurisdiction.

*Fleming*, 553 So. 2d at 506 (emphasis added; internal citations omitted).

¶10. As in *Fleming* and *Wooten*, Haynes filed an independent motion for transcripts and

---

[1] We agree with the circuit court that it clearly and expressly related to the former.

[2] In *Fleming*, the Court noted that there could be circumstances in which a defendant might appeal the denial of a motion for transcripts and records in the context of his direct appeal. *Fleming*, 553 So. 2d at 506 (citing *Fisher v. State*, 532 So. 2d 992, 998-99 (Miss. 1988) (defendant's direct appeal challenged the circuit court's pretrial denial of his motion for transcripts and records from a related case)). However, as discussed above, this is not a direct appeal, and Haynes's request for records was not raised in the context of either of his original criminal proceedings.

4

records unrelated to any pending motion for post-conviction relief, much less one that had "withstood summary dismissal." A prisoner has no right to institute such an independent, original action for transcripts and records. Therefore, as in *Fleming* and *Wooten*, Haynes's motion was properly denied, and this appeal must be dismissed. *Id.*; *Wooten*, 127 So. 3d at 323 (¶9); *accord, e.g.*, *Hodgin v. State*, 960 So. 2d 597, 597-98 (¶3) (Miss. Ct. App. 2007).[3]

¶11. **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

---

[3] Haynes's motion and the instant appeal are a transparent effort to circumvent the prior rulings of the circuit court and the Supreme Court denying him permission to file an untimely direct appeal in his grand larceny case, the requirements of the Uniform Post-Conviction Collateral Relief Act, and the Supreme Court's orders threatening and imposing sanctions for his frivolous filings. Haynes's motion and appeal are also frivolous, as *Fleming* made clear that a prisoner may not bring an independent action for transcripts or records. Under the circumstances, if Haynes "persists in filing facially frivolous post-conviction pleadings" — or, as in this case, related frivolous motions — "as an appropriate sanction, a circuit court judge may well be justified in denying [Haynes's] request for in forma pauperis status" in the future. *Williams v. State*, 98 So. 3d 484, 489 (¶19) (Miss. Ct. App. 2012).