## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00521-COA

**DAVID JACKSON A/K/A DAVID DONNELL JACKSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

DATE OF JUDGMENT:               03/06/2015
TRIAL JUDGE:                          HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:   MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DAVID JACKSON (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF ATTORNEY GENERAL
                                    BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:           CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:      MOTION FOR TRANSCRIPTS AND
                                    RECORDS DENIED
DISPOSITION:                  APPEAL DISMISSED - 05/03/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     David Jackson (pro se) appeals from the circuit court's denial of his motion for transcripts and records. We dismiss Jackson's appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 11, 1997, Jackson was convicted of possession of cocaine with intent to distribute. He was sentenced as a habitual offender to thirty years to be served in the custody of the Mississippi Department of Corrections. His conviction was affirmed on direct appeal. *Jackson v. State*, 778 So. 2d 786, 790 (¶20) (Miss. Ct. App. 2001).

¶3. Since then, Jackson has filed numerous postconviction-relief (PCR) motions, and has received monetary sanctions for his frivolous motions. On August 20, 2014, the Mississippi Supreme Court entered an order denying Jackson's motion to lift his sanctions. *See Jackson v. State*, 2014-M-00623 (Miss. Aug. 20, 2014). In that same order, the court dismissed his pending PCR motion as both time-barred and a successive writ. The court found that the issues he raised were not within any exception to the procedural bars. *Id.* The court also determined that Jackson's PCR motion was frivolous, and further sanctioned him $200 in addition to any outstanding sanctions that already had been imposed. *Id*.

¶4. On November 13, 2014, the court dismissed Jackson's "Petition for a Writ of Production of Documents Pursuant to Miss. R. App. P. 21." *See Jackson v. State*, 2014-M-00623 (Miss. Nov. 13, 2014). On December 23, 2014, the court dismissed Jackson's "Motion for Production of Documents." *See Jackson v. State*, 2014-M-00623 (Miss. Dec. 23, 2014). The court found that Jackson was "not entitled to a free copy of the record and transcripts," citing *Fleming v. State*, 553 So. 2d 505 (Miss. 1989). *Id.*

¶5. Undeterred, Jackson filed a motion for records and transcripts in circuit court on February 23, 2015. On March 9, 2015, the circuit court denied Jackson's motion and stated that he was not entitled to discovery. Jackson timely filed a notice of appeal from the order denying his motion for records and transcripts.

## DISCUSSION

¶6. The Mississippi Supreme Court has strongly emphasized that nothing in the Uniform Post-Conviction Collateral Relief Act (UPCCRA) or elsewhere gives a prisoner the right to

institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the circuit court's ruling, to directly appeal that ruling to the supreme court as a separate and independent action. *Haynes v. State,* 174 So. 3d 953, 955 (¶8) (Miss. Ct. App. 2015) (citing *Fleming,* 553 So. 2d at 506). This Court has explained:

> Rather, under the UPCCRA, a prisoner who has filed a proper motion, and whose motion has withstood summary dismissal under [Mississippi Code Annotated section] 99-39-11(2) [(Rev. 2015)], may be entitled to trial transcripts or other relevant documents under the discovery provisions of [Mississippi Code Annotated section] 99-39-15 [(Rev. 2015)], upon good cause shown and in the discretion of the trial judge. *Fleming*, 553 So. 2d at 506. And if the request for documents is denied, and the overall PCR petition is denied, a prisoner may appeal under Mississippi Code Annotated section 99-39-25 [(Rev. 2015)]. *Fleming*, 553 So. 2d at 506. Within the PCR appeal, the prisoner may include the claim that the denial of his request for transcripts or other documents was error. *Id*. But there is no independent avenue to fish for a free transcript or other documents and then appeal if denied relief.

*Wooten v. State,* 127 So. 3d 322, 323 (¶7) (Miss. Ct. App. 2013) (internal quotations omitted).

¶7. In *Wooten*, this Court held: "Since Wooten did not file his request for transcripts or audio tapes as part of a PCR motion or as part of a direct appeal from his conviction, the proper recourse is to dismiss for lack of jurisdiction." *Id*. at (¶9). In *Haynes,* this Court stated: "As in *Fleming* and *Wooten*, Haynes filed an independent motion for transcripts and records unrelated to any pending [PCR] motion, much less one that had withstood summary dismissal." *Haynes,* 174 So. 3d at 955-56 (¶10). We dismissed Haynes's appeal because a prisoner has no right to institute such an independent, original action for transcripts and records. *Id.*

¶8. Likewise, because Jackson's independent motion for transcripts and records was

3

unrelated to any pending PCR motion, we must dismiss his appeal for lack of jurisdiction.

¶9.    **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**