# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01511-COA

**JAMES GANDY A/K/A JAMES GANDY, JR.**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/2015 |
| TRIAL JUDGE: | HON. WAYMAN DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES GANDY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED PETITION FOR AN ORDER TO SHOW CAUSE |
| DISPOSITION: | APPEAL DISMISSED - 03/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must decide whether the Circuit Court of Jones County properly denied James Gandy Jr.'s motion for an order to show cause. We dismiss for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     On September 16, 1985, Gandy was convicted in the Circuit Court of Jones County of kidnapping and sentenced as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) to life in the custody of the Mississippi Department of

Corrections.

¶3.     Several days later, on September 24, 1985, Gandy escaped from jail.  As a result, on October 21, 1985, the State filed a motion to dismiss Gandy's direct appeal, which the circuit court granted.[1]

¶4.     Nearly thirty years later, in July 2013, Gandy filed a motion for postconviction relief (PCR), claiming he received an illegal sentence.  The circuit court dismissed Gandy's PCR motion as time-barred, and Gandy appealed.  In *Gandy v. State*, 197 So. 3d 427, 429 (¶11) (Miss. Ct. App. 2015), this Court affirmed finding that, although an illegal sentence is an exception to the time-bar, Gandy's sentence was not illegal.[2]

¶5.     In August 2015, Gandy filed a motion for an order to show cause, claiming he was entitled to a copy of his trial transcript and sentencing hearing.  In the alternative, Gandy claimed that he received an illegal sentence.  The circuit court denied Gandy's motion, finding Gandy abandoned his appeal when he escaped from jail, and noted that, due to the dismissal of Gandy's appeal, no trial transcript existed.  Gandy filed a motion for reconsideration, which was denied.  The trial court determined that pursuant to *Derrick v. State*, 406 So. 2d 48, 48 (Miss. 1981), Gandy had failed to show good cause why his appeal should be reinstated.  Gandy appeals.

---

[1] The record does not indicate when Gandy was captured, only that he was still at large when the State filed its motion to dismiss.

[2] Gandy's motion for rehearing was denied.  In May 2016, Gandy filed a petition for a writ of certiorari with the Mississippi Supreme Court, which was denied on August 8, 2016.

2

**DISCUSSION**

¶6.     In his only issue on appeal, Gandy claims he is entitled to a trial transcript. However, Gandy filed this request as an independent action in the circuit court through a motion to show cause. A prisoner does not have "the right to institute an independent, original action for a free transcript or other documents, and then if dissatisfied with the [circuit court's] ruling, to directly appeal that ruling to this court as a separate and independent action." *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989). In cases such as this, the proper result is to dismiss the appeal. *See Haynes v. State*, 174 So. 3d 953, 955 (¶8) (Miss. Ct. App. 2015); *Wooten v. State*, 127 So. 3d 322, 323 (¶8) (Miss. Ct. App. 2013).

¶7.     **THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

     **IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**