## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CP-01803-COA

JAMES GANDY JR. A/K/A JAMES GANDY                    APPELLANT

v.

STATE OF MISSISSIPPI                                 APPELLEE

DATE OF JUDGMENT:           10/03/2013
TRIAL JUDGE:                HON. BILLY JOE LANDRUM
COURT FROM WHICH APPEALED:  JONES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     JAMES GANDY JR. (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF ATTORNEY GENERAL
                            BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:         CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:    DENIED MOTION FOR POSTCONVICTION
                            RELIEF
DISPOSITION:                AFFIRMED - 12/08/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     James Gandy Jr. was convicted in the Jones County Circuit Court of kidnaping in 1985 and sentenced as a habitual offender to life in prison. Almost three decades later, Gandy filed a motion for postconviction relief (PCR) claiming he was illegally sentenced as a habitual offender. After finding that the three-year statute of limitations on his PCR motion had expired and that there was no evidence to suggest that an exception to the statute was applicable, the circuit court denied Gandy's motion as being time-barred. Aggrieved, Gandy appeals. Finding no error, we affirm.

### STATEMENT OF FACTS

¶2. In 1985, after a jury trial on the matter, Gandy was convicted of kidnaping. During the sentencing phase of the trial, the circuit court reviewed Gandy's criminal record and determined that he qualified as a habitual offender. The circuit court subsequently sentenced Gandy as a habitual offender to life in the custody of the Mississippi Department of Corrections (MDOC).

¶3. In July 2013, Gandy filed a PCR motion in the circuit court, arguing that to be sentenced as a habitual offender the State had to prove that he served at least one year in prison and that one of the prior convictions was for a violent crime. He argued that he only served nine months in prison and that neither of his prior convictions, burglary or receiving stolen property, was a violent crime.

¶4. The circuit court determined that Gandy's PCR motion was time-barred because it fell outside of the three-year statute of limitations. Nonetheless, Gandy argues that the three-year statute of limitations should not apply because his sentence was illegal and deprived him of due process. The State argues that despite Gandy's claim that his sentence is illegal because it deprived him of due process, he provided no evidence, affidavits, or other information to support his proposition.

**DISCUSSION**

¶5. A clearly-erroneous standard of review applies to our review of the circuit court's denial of Gandy's PCR motion. *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008). The standard of review is de novo when questions of law are raised by the motion. *Lambert v. State*, 941 So. 2d 804, 807 (¶14) (Miss. 2006).

¶6.    Mississippi Code Annotated section 99-39-5 (Rev. 2015) governs PCR motions. The statute provides that a prisoner has three years to request postconviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:

> That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant's] conviction or sentence or that [the movant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2)(a)-(b).

¶7.    Gandy heavily relies on *Ivy v. State*, 731 So. 2d 601, 603 (¶14) (Miss. 1999), which held that when a defendant alleges that he is serving an illegal sentence, his claim is not subject to the procedural time-bar. In that case the petitioner was serving a life sentence for capital murder and sought postconviction relief nineteen years after his conviction. *Id*. at 601 (¶2). The supreme court held that the trial court erred in applying the procedural bar because the right to a legal sentence was a fundamental constitutional right excepted from the time-bar. *Id*. at 603 (¶13).

¶8.     While we recognize that an illegal sentence is an exception to the time-bar, Gandy's

sentence was not illegal.  Gandy stated in his PCR motion that the State failed to prove

beyond a reasonable doubt that he had served one year or that one of his prior convictions

was a violent crime.  This is irrelevant.  The circuit court sentenced Gandy as a habitual

offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), which states:

> Every person convicted in this state of a felony *who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution*, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

(Emphasis added).

¶9.     The State was not required to prove that Gandy had served one year or that his prior

conviction was for a violent crime.  Rather, under the habitual-offender statute, the State only

had to prove that Gandy had been previously convicted of two felonies and that he had been

sentenced to separate terms of at least one year.  In the sentencing order, the circuit court

held:

> [T]he defendant has been previously convicted of two separate felonies upon charges separately brought and arising out of separate incidents and at different times, and the defendant having been sentenced previously to a term of three years in the penitentiary for the crime of burglary on the [second] day of October, 1981, and having been sentenced to a term of four years in the penitentiary for the crime of receiving stolen property on the [first] day of April, 1983, the [c]ourt therefore finds that the defendant is a[] habitual criminal . . . under the provisions of Sec[tion] 99-19-81, Miss[issippi] Code of 1972 . . . .

¶10.    Gandy improperly cites to the requirements under Mississippi Code Annotated

4

section 99-19-83 (Rev. 2015) for convicting a defendant as a habitual offender. Section 99-19-83 states:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the [MDOC].

¶11. While Gandy was, in fact, sentenced to life in the custody of the MDOC, he was sentenced as such because the maximum sentence available for the crime of kidnaping is life in prison. *See* Miss. Code Ann. § 97-3-53 (Rev. 2014). Accordingly, Gandy's assertion that he was illegally sentenced as a habitual offender is baseless, and his PCR motion is subject to the time-bar. We affirm the judgment of the circuit court.

¶12. **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**