JAMES W. KITCHENS, Justice.

CORRECTED ORDER

This matter is before the Court, en borne, on Caleb Corrothers’s “Petition for Permission to Appeal [the] Circuit Court’s Order Requiring Disclosure of Youth Court and DHS Records to the State,” Motion Number 2015-2838, filed June 24, 2015. This petition was filed pursuant to Rule 5(a) of the Mississippi Rules of Appellate Procedure.
On May 19, 2011, Corrothers was convicted in the Circuit Court of Lafayette County of two counts of capital murder with the underlying felony of robbery and was sentenced to death. In the same trial, Corrothers was convicted of aggravated assault as an habitual criminal and was sentenced to life imprisonment on that charge. This Court affirmed Corrothers’s convictions and sentences in Corrothers v. State, 148 So.3d 278 (Miss.2014), and denied Corrothers’s Motion for Rehearing on October 23, 2014. This Court’s mandate issued on October 30, 2014. The Mississippi Office of Post-Conviction Counsel was appointed to assist Corrothers in preparing and filing his petition for post-con *613 viction relief, which must be filed in this Court on or before October 5, 2015.
M.R.A.P. 22(c)(4), which governs the time between the appointment of counsel and the filing of a petition for postconviction relief, allows the' petitioner’s lawyers access to “discovery and compulsory process” for the purpose of gaining access in support of the petition for post-conviction relief. MRAP 22(c)(4)(ii). Under this rule, on March 23, 2015, Corrothers’s counsel filed a Motion for Discovery in the Circuit Court of Lafayette County, in which Corrothers sought leave to seek an order from the Youth Court of Lafayette County for the purpose of “obtaining Department of Human Services and Youth Court records, which may prove to - be pertinent to Petitioner’s case.” Corroth-ers also sought, subpoenas from local news stations for video footage related to his case. The State, in response, filed a motion for “reciprocal discovery,” whereby the State sought access to the videotapes Corrothers might receive from local news stations and records which Corrothers might receive from the Youth Court of Lafayette County. On June 3, 2015, the Circuit Court of Lafayette County granted both Corrothers’s motion for discovery and the State’s motion for reciprocal discovery. The Court held that:
[The] Petitioner shall, upon receipt, provide counsel for Respondent within forty-eight (48) hours, true and complete copies of any and all video footage, photographs, and online news articles pertinent to Petitioner’s arrest, the investigation of the crimes for which Petitioner was convicted, and Petitioner’s trial obtained by or on Petitioner’s behalf ...[,] true and complete copies of any and all records that is/are obtained by or on behalf of Petitioner from the Mississippi Department of Human Services and/or any other individual agency which is/are obtained pursuant to an order entered by the Youth Court of Lafayette County and/or any other Mississippi youth court(s) ... [and] true and complete copies of any and all juvenile court and/or juvenile probation/court service records pertaining to Petitioner'and his siblings_
Corrothers petitioned for leave to file an interlocutory appeal in this Court, arguing that the State is not entitled to reciprocal discovery under Mississippi Rule of Appellate Procedure 22.
This Court reviews discovery matters for abuse of discretion. Ford Motor Co. v. Tennin, 960 So.2d 379, 390 (Miss.2007). However, we review questions of law de novo. Moore v. State, 986 So.2d 928, 932 (Miss.2008).
Corrothers’s Motion for Rehearing was denied by this Court on October 23, 2014. He must file his petition for post-conviction relief by October 5, 2015. He therefore is engaged in discovery “preliminary to proceedings in the Supreme Court” for the purposes of Rule 22. Mississippi Rule of Appellate Procedure 22, in pertinent part, provides:
Discovery and compulsory process may be allowed the petitioner from and after the appointment of post-conviction counsel ..., but only upon motion indicating the purpose of such discovery and that such. discovery is not frivolous and is likely to be helpful in the investigation, preparation or presentation of. specific issues which the petitioner in good faith believes to be in question and proper for posLconviction relief, and order entered in the sound discretion of the court....
M.R.A.P. 22(c)(4)(h) (emphasis added). Rule 22 clearly provides that “[discovery and compulsory process may be allowed the petitioner.” Id. (emphasis added). ‘ It equally is apparent that the rule lacks a *614 similar provision allowing the State to compel discovery or receive reciprocal discovery from the petitioner.
This - Court has held that petitioners “must be able to obtain and to compel production of the evidence prior to the filing of the post-conviction application and motion in order to include them in compliance with .the statute.” Russell v. State, 819 So.2d 1177 (Miss.2001). We adopted Rule 22 to enable petitioners to comply with the Mississippi Uniform Post Conviction Collateral Relief Act’s (ÚPCCRA) .substantial burden of production. Id. at 1179; accord Brown v. State, 88 So.3d 726, 730 (Miss.2012) (“Rule 22 is intended to allow a petitioner to gather information to support an application to the Supreme Court for leave to file a motion for post-conviction relief in the trial court.”).
The State, on the other hand, has no burden of production under UPCCRA. Also, before Corrothers files his petition for post-conviction relief in this Court, there is ho case pending in any court in Mississippi concerning Corrothers’s criminal convictions. Corrothers merely is preparing to bring a case into existence in Mississippi courts. The State is not a party to' Corrothers’s present discovery endeavors; To the extent that the information obtained pursuant to Rule 22’s discovery mechanism is relevant to the petitioner’s petition for'post-conviction relief, it must be attached to the' petition, at which time the State will have access to it. Miss.Code Ann. § 99-39-9(l)(e) (Rev. 2007). Moreover, if the petitioner is able to demonstrate “a substantial showing of the denial of a state or federal right” and is allowed to proceed to the trial court, pursuant to Mississippi Code Section 99-39-27(6), the State is then allowed access to, the full spectrum of civil discovery which -it may employ to prepare and to defend its case. Miss.Code Ann. § 99-39-15(1) (Rev.2007); accord Brown, 88 So.3d at 730. Inasmuch as Rule 22 was enacted for the purpose of aiding petitioners for post-conviction relief in meeting UP-CCRA’s burden of production and because the State has no burden prior to filing the petition for post-conviction relief in this Court, the Court’s exclusion of the State as a beneficiary of discovery under Rule 22 was not a negligent omission but instead was consistent with this Court’s intent in drafting Rule 22.
Significantly, the State’s request for reciprocal discovery- is a matter of first impression that previously has not been decided' by this Court. For example, in ‘Russell,' the State refused to comply with Russell’s Rule 22 discovery requfests, averring that “that under the post-conviction statutes, discovery is to be had, if at all, after this Court has granted leave to proceed on the motion for post-conviction relief.” Russell, 819 So.2d at 1178. We rejected the State’s argument that it did not have to allow petitioners discovery prior to filing a petition for post-conviction relief and held: “To the extent that discovery is allowed, the inmate is entitled to the compulsory process of the court. It would be óf no avail to declare that [the petitioner] is entitled to discovery, but not entitled to the process of the court to compel responsiveness.” Id. at 1180.
Russell addresses a petitioner’s right to request permissive discovery “in camera without notice to the .State or an opportunity for the State to be heard.” Russell, 819 So.2d at 1179. In response to this specific concern, this Court held:
The State is justified in its complaint regarding excessive use of ex parte proceedings on discovery. The rule recognizes the burden placed on the inmate to file fully developed post-conviction pleadings. At the same time, the State is entitled to resist unwarranted discov *615 ery as well as unnecessary awards of investigative expenses, which will, at least implicitly, condone the areas of inquiry to be pursued in the investigation. Ex parte presentation should be available in proceedings for expenses and discovery, but only after a determination that disclosure to the State is incompatible with a meaningful opportunity to prepare the defendant’s case. This necessarily entails service on the Attorney General of pleadings and notice of hearings.
Id. at 1179-80. Russell holds that petitioners should not seek in-camera discovery under Rule 22, except under exceptional circumstances. Id. at 1179. Thus, Russell requires counsel for the petitioner to serve the State “pleadings and notice of hearings.” Id. at 1180. But, in so holding, this Court did not find that the State was entitled to its own discovery under Rule 22, nor did we hold that the State was entitled to receive reciprocal discovery. To find otherwise would require this Court to remove all context from Russell and to eschew the case’s plain language.
IT IS THEREFORE ORDERED that Corrothers’s “Petition for Permission to Appeal [the] Circuit Court’s Order Requiring Disclosure of Youth Court and DHS Records to the State” is granted. We grant interlocutory appeal of the Lafayette County Circuit Court’s order June 3, 2015, permitting the State reciprocal discovery under Rule 22 of Mississippi Rules of Appellate Procedure. On interlocutory appeal, the Circuit Court of Lafayette County’s June 3, 2015 order, to the extent that it provides reciprocal discovery to the State of videotapes from local news stations, .Corrothers’s’ and Cor-rothers’s siblings’ youth court records, and Corrothers’s and Corrothers’s' family’s Department of Human Services records, is vacated and rendered. The notice of appeal having been deemed filed, the filing fee is due and payable to the Clerk of this Court.
IT IS FURTHER ORDERED that the State is taxed with all costs of this appeal.
SO ORDERED.
/s/ James W. Kitchens
JAMES W. KITCHENS, JUSTICE FOR THE COURT
AGREE: DICKINSON, P.J., PIERCE, KING AND LAMAR, JJ.
CHANDLER, J., OBJECTS WITH SEPARATE WRITTEN STATEMENT, JOINED BY WALLER, C.J., AND RANDOLPH, P.J.
COLEMAN, J., DISAGREES.
CHANDLER, JUSTICE,
OBJECTING TO THE ORDER WITH SEPARATE WRITTEN STATEMENT:
¶ 1. Because this order puts the cart before the horse, I Object. Nothing indicates that the youth court has ordered the disclosure of any of the records Corrothers intends to seek. Therefore, the matter of whether such records may be disclosed to the State is unripe for review. I would deny the petition for an interlocutory appeal.
¶2, The circuit court has entered an order allowing Corrothers to seek disclosure of certain records from the youth court. But the youth court does not automatically disgorge records, because it is subject to rigid statutory restrictions on the information it may disclose. Under Mississippi Code Section 43-21-261, “records involving children shall not be disclosed, ... except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed, the extent’ of the records which may be disclosed and the purpose of the disclosure.” Miss.Code -Ann. § 43-21- *616 261(1) (Rev.2009). The youth court may disclose such records only if “the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the functioning of the youth court....” Id. The statute also limits the persons to whom youth court records may be disclosed. Corroth-ers’s records request will implicate Section 43 — 21—261(l)(g), which allows disclosure “[t]o any person pursuant to a finding by a judge of the youth court of compelling circumstances affecting the health, safety or well-being of a child and that such disclosure is in the best interest of the child or an adult who was formerly the subject of a youth court delinquency proceeding.” Miss.Code Ann. § 43-21-261(l)(g) (Supp.2014).
¶ 3. At this point, the youth court has made none of the statutory determinations required to release the records to Corroth-ers. A strong possibility exists that the youth court will decline to disclose all or part of the records, or that the records have been destroyed. As yet, no records have been released, and it is entirely possible that none will be released. I would find that this Court’s review of the circuit court’s discovery order is premature, and I disagree with this Court’s use of judicial resources to answer a question that, for all practical purposes, is unripe.
WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS SEPARATE WRITTEN STATEMENT.