# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-DR-01099-SCT

*JOSEPH PATRICK BROWN a/k/a PEANUT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/12/1994 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF CAPITAL POST-CONVICTION COUNSEL |
| | BY: JAMILA K. ALEXANDER |
| |     LOUWLYNN VANZETTA WILLIAMS |
| |     ALEXANDER KASSOFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BRAD SMITH |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | MOTION DENIED - 09/14/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This cause is before the Court on Joseph Patrick Brown's Motion for Leave to Invoke Discovery and Seek Access Orders in the Circuit Court. For the following reasons, this Court finds that said motion is not well-taken and should be denied.

**FACTS & PROCEDURAL HISTORY**

¶2.     Brown was convicted of capital murder and sentenced to death in 1994, and his conviction and sentence were affirmed by this Court in 1996. *Brown v. State*, 682 So. 2d 340 (Miss. 1996). Brown filed a petition for post-conviction relief in 1998, and after granting him leave to proceed in the trial court in 1999, this Court ultimately affirmed the trial court's denial of his petition in 2012. *Brown v. State*, 749 So. 2d 82 (Miss. 1999) (granting leave to proceed in the trial court); *Brown v. State*, 88 So. 3d 726 (Miss. 2012) (affirming trial court's denial of post-conviction relief). Brown now has notified this Court of his intent to file a successive petition for post-conviction relief. Included in that notice was a motion requesting this Court to direct the Circuit Court of Adams County to assume jurisdiction over "discovery matters relevant to Mr. Brown's successive post-conviction claims." This Court unanimously denied that motion by order of December 17, 2015, finding that "there has been no minimal showing of any need for pre-petition discovery."

¶3.     The subject motion requests the same relief as the motion previously denied by this Court: "Mr. Brown respectfully requests that this Court enter an order directing the Circuit Court of Adams County to exercise jurisdiction over matters and over requests for access orders that are relevant to Mr. Brown's post-conviction claims." The only thing differentiating this motion from the previous request is that Brown now presents this Court with several discovery "needs." Aside from references to a claim of ineffective assistance of post-conviction counsel, Brown's motion does not identify with any particularity the issues that he plans to raise in his successive petition. Instead, he claims that so-called "pre-petition

discovery" is necessary for him to "file a meaningful and constitutionally adequate motion for leave to proceed in the trial court with a petition for post-conviction relief."

**DISCUSSION**

¶4.     In support of his motion, Brown relies on Rule 22(c) of the Mississippi Rules of Appellate Procedure, which contains rules governing the filing of petitions for post-conviction relief by defendants who have been sentenced to death. Specifically, Rule 22(c)(4)(ii) requires certain mandatory disclosures to the defendant, including the transfer of certain files to the petitioner or his post-conviction counsel and allows limited prepetition discovery at the trial court's discretion and upon a showing of need:

> Upon appointment of counsel, or the determination that the petitioner is represented by private counsel the petitioner's prior trial and appellate counsel shall make available to the petitioner's post-conviction counsel their complete files relating to the conviction and sentence. The State, to the extent allowed by law, shall make available to post-conviction counsel the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed and the prosecution of the petitioner. If the State has a reasonable belief that allowing inspection of any portion of the files by post-conviction counsel for the petitioner would not be in the interest of justice, the State may submit for inspection by the convicting court those portions of the files so identified. If upon examination of the files, the court finds that such portions of the files could not assist the capital petitioner in investigating, preparing, or presenting a motion for post-conviction relief, the court in its discretion may allow the State to withhold that portion of the files. Discovery and compulsory process may be allowed the petitioner from and after the appointment of post-conviction counsel or the determination that the petitioner is represented by private counselor or is proceeding pro se, but only upon motion indicating the purpose of such discovery and that such discovery is not frivolous and is likely to be helpful in the investigation, preparation or presentation of specific issues which the petitioner in good faith believes to be in question and proper for post-conviction relief, and order entered in the sound discretion of the court. Upon determination that the petitioner has elected to proceed pro se, such files and discovery shall be made available as provided in subsection (2)(iii) above.

Miss. R. App. P. 22(c)(4)(ii). Brown argues that Rule 22(c) entitles him to submit discovery requests to the circuit court so he may investigate potential claims for his yet-to-be-filed successive petition.

¶5.    We find that Brown's reliance on Rule 22(c) is misplaced. Today, we clarify that Rule 22(c) does not apply to successive petitions for post-conviction relief. Rule 22(c) must first be read in light of the Uniform Post-Conviction Collateral Relief Act's (UPCCRA) pronouncement that criminal defendants are entitled to file only one petition for post-conviction, subject to limited exceptions. *See* Miss. Code Ann. §§ 99-39-23, 27(9) (Rev. 2015). *See also* **Russell v. State**, 819 So. 2d 1177, 1178 (Miss. 2001) ("Russell, as all others, is, upon entry of a final order and subject to only limited exceptions, allowed a single post-conviction motion by virtue of the successive writ bar of § 99-39-23.").[1] Accordingly, as discussed more fully below, Rule 22(c) was enacted to ensure that capital defendants could comply with the UPCCRA's burden of production when they filed their *first* petitions. **Carrothers v. State**, 189 So. 3d 612, 614 (Miss. 2015). The purpose of Rule 22(c) is not, as Brown contends, to allow defendants an endless opportunity for discovery on the assertion that they may have claims which they did not raise in prior proceedings. We also note that Brown's first motion for leave to proceed in the trial court with a petition for post-conviction relief was filed and granted in part by this Court before Rule 22(c) went into effect, and this Court previously determined that Brown was not entitled to discovery under Rule 22 after

---

[1]**Russell** involved a defendant's first petition for post-conviction relief and therefore is distinguishable from the instant case.

he was granted leave to proceed in the trial court with his first petition. *See Brown*, 88 So. 3d at 730.

¶6.     Moreover, none of the provisions of Rule 22 suggest that the rule should be applied to successive petitions for post-conviction relief. On the contrary, Rule 22(c)(1)(ii) explicitly requires this Court to direct the convicting court to rule on the issue of appointment of counsel "immediately after the announcement of the decision *on direct appeal*[.]" Miss. R. App. P. 22(c)(1)(ii) (emphasis added). Additionally, Rule 22(c)(5)(i) provides that the petitioner's application for leave to proceed in the trial court must be filed "not later than one hundred eighty (180) days after counsel is appointed or sixty (60) days following denial of rehearing on the *direct appeal* of the conviction and sentence, whichever is later." Miss. R. App. P. 22(5)(i) (emphasis added). As a successive petitioner, Brown is not bound by these provisions and must instead make a showing that his successive claims are excepted from the UPCCRA's time bar and successive-writ bar. *See* Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2015); Miss. Code Ann. § 99-39-27(9) (Rev. 2015); Miss. R. App. P. 22(c)(5)(i).  Brown cannot claim the benefit of a single provision of Rule 22(c) as a ground for discovery prior to the filing of his successive petition, when the other provisions of that rule clearly do not apply to him.

¶7.     The historical context of Rule 22(c) also supports a finding that it does not apply to successive post-conviction petitions.  The current version of Rule 22(c) was adopted by this Court in 2000 in tandem with the Legislature's enactment of House Bill 1228, which made several important changes to death-penalty litigation in Mississippi.  Relevant to this case,

House Bill 1228 created of the Office of Capital Post-Conviction Counsel and the amended the Uniform Post-Conviction Collateral Relief Act to require petitions for post-conviction relief in capital cases to be filed within one year of conviction. *See* Miss. Code Ann. § 99-39-101 (Rev. 2015) (effective July 1, 2000); Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2015) (effective July 1, 2000). Rule 22(c) was "designed to implement" these legislative enactments. Miss. R. App. 22 cmt. To that end, Rule 22(c) contains provisions governing the representation and compensation of counsel and imposes specific deadlines on both the petitioner and the State in order to comply with the expedited statute of limitations in capital cases. *See* Miss. R. App. P. 22(c)(1), (2), (3), (5), (6). Rule 22(c) also recognizes that, with the creation of the Office of Capital Post-Conviction Counsel, many capital defendants will be represented in their initial post-conviction proceedings by attorneys who have had no prior involvement with the case. With this context in mind, Rule 22(c)(4)(ii) serves as this Court's method of ensuring that capital petitioners are provided adequate information to file their initial petition for post-conviction relief within the expedited deadline following this Court's decision on direct appeal, and not as a broad guarantee of unlimited discovery for all capital petitioners, as Brown suggests.

¶8. Brown argues that, without so-called "prepetition discovery," he will not be able to support his claims with the "affidavits of the witnesses who will testify and copies of documents or records that will be offered" as required by the UPCCRA. *See* Miss. Code Ann. § 99-39-9(e) (Rev. 2015). Similarly, Brown's current post-conviction counsel argues that she cannot render effective assistance to Brown without the benefit of discovery under Rule

6

22(c)(4)(ii). But Brown fails to recognize that the evidentiary burden imposed by Section 99-39-9 is not absolute:

> The affidavits of other persons and the copies of documents and records *may be excused* upon a showing, which will be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what petitioner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

*Id.* (emphasis added). In addition, Brown may be entitled to discovery under the UPCCRA, assuming that he eventually files his successive petition for post-conviction relief. Miss. Code Ann. § 99-39-15 (Rev. 2015). *See also **Fleming v. State***, 553 So. 2d 505, 506 (Miss. 1989) ("A prisoner who has filed a proper motion pursuant to this Act, and whose motion has withstood summary dismissal under § 99-39-11(2), may be entitled to trial transcripts or other relevant documents under the discovery provisions of § 99-39-15, upon good cause shown and in the discretion of the trial judge.").[2] Thus, we find no merit in Brown's argument that he is without recourse if he is unable to obtain certain evidence through prepetition discovery.

¶9.     The instant motion provides only scant support for the required showing that "such discovery is not frivolous and is likely to be helpful in the investigation, preparation or presentation of *specific issues*[.]" Miss. R. Civ. P. 22(c)(4)(ii) (emphasis added). Nothing further is advanced in terms of new or different needs as compared to Brown's previous

---

[2] The State used this exact procedure to subpoena Brown's trial attorneys and the doctors who had conducted Brown's mental evaluation to testify at the evidentiary hearing on Brown's first petition. *See **Brown***, 88 So. 3d at 731.

7

request for prepetition discovery. Brown's list of discovery requests includes, but is not limited to, the following:

(1)     trial counsel's files;

(2)     files of the relevant law enforcement agencies and District Attorney's Office;

(3)     copies of audiotapes and videotapes of the Natchez Police Department which were taken during the investigation of Brown's case;

(4)     an order requiring the development of undeveloped film in the custody of the Natchez Police Department;

(5)     "discovery relating to the issue of whether black jurors were stricken from the jury on the basis of their race";

(6)     "discovery from the television stations that provided media coverage of Mr. Brown's arrest, the case investigation, pretrial proceedings, and the trial";

(7)     Youth Court and Department of Human Services records of Brown and/or his family members;

(8)     discovery regarding other robberies or shootings that occurred in Natchez on August 8, 1992;

(9)     "discovery of reports or information regarding misconduct or unethical behavior of law enforcement officers or prosecutorial staff who were involved in the investigation and prosecution of Mr. Brown's case";

(10)    prosecutorial files relating to the death of Moses Green;

(11)    production of a letter from Larry Bernard to the head jailer's brother regarding what Brown allegedly told Bernard while they were in the custody of the Adams County Detention Center in 1993.

Brown fails to explain why he has been unable to obtain the requested information without resorting to discovery, how this information is related to the claims he intends to raise, or the

8

ultimate purpose of seeking this information, making this quest nothing more than an elaborate fishing expedition. In addition, Brown's filings before this Court and the State's response indicate that Brown has been given access to some of this information, while other information simply cannot be located and may not exist.[3]

¶10.   In addition, while Brown alleged both in his prior notice and the instant motion that he intends to file his successive petition on the basis of ineffective assistance of post-conviction counsel, a review of the instant motion belies this allegation.  In his filings before this Court, Brown makes repeated references to his efforts to engage in discovery during his first post-conviction proceedings and this Court's denial of his request for Rule 22 discovery. The substance of Brown's complaint is perhaps best framed by the following excerpt from the instant motion:

> The unfortunate result of this Court's denial of Mr. Brown's discovery requests was that by the conclusion of Mr. Brown's initial post-conviction litigation, Mr. Brown had never had an opportunity to fully investigate and develop potentially meritorious claims by use of Rule 22's discovery provisions.  Mr. Brown should now be granted that opportunity since he is currently in a pre-petition posture rather than a post-remand posture.

Throughout his motion, Brown blames his alleged "inability" to investigate claims during his first post-conviction proceedings not on the actions of prior post-conviction counsel, but on the fact that prepetition discovery did not exist when he filed his first petition.  This argument does not equate to a claim of ineffective assistance of post-conviction counsel.

---

[3] For example, in the Notice of Intent filed with this Court, Brown admitted that he had been in contact with his trial attorneys and that they were unable to locate their files. In addition, the State represents in its response to the instant motion that the Natchez Police Department has given Brown complete access to its files on more than one occasion.

**CONCLUSION**

¶11.    Today we hold that Rule 22(c) does not apply to successive petitions for post-conviction relief.  Accordingly, Brown is not entitled to discovery before filing his successive petition.  For the foregoing reasons, we deny Brown's Motion for Leave to Invoke Discovery and Seek Access Orders in the Circuit Court.

¶12.    **MOTION DENIED.**

**RANDOLPH, P.J., COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ.; COLEMAN, J., JOINS IN PART.**

**DICKINSON, PRESIDING JUSTICE, DISSENTING:**

¶13.    Mississippi Rule of Appellate Procedure 22(c) mandates that "[d]iscovery and compulsory process may be allowed by the petitioner from *and after* the appointment of post-conviction counsel or the determination that the petitioner is represented by private counselor or is proceeding pro se."[4]   Nothing in the Rule limits that discovery and compulsory process to first petitions for post-conviction relief.  Rather, the Rule's plain, clear "from and after" language establishes that no temporal bar exists on a petitioner's access to this discovery and compulsory process.  Instead, the Rule limits a petitioner's access with a case-by-case analysis of whether the petitioner established a need for the information sought.[5]

---

[4] Miss. R. App. P. 22(c) (emphasis added).

[5] *Id.* ("upon motion indicating the purpose of such discovery and that such discovery is not frivolous and is likely to be helpful in the investigation, preparation or presentation of specific issues which the petitioner in good faith believes to be in question and proper for post-conviction relief, and order entered in the sound discretion of the court.").

¶14.    The majority abandons the case-by-case analysis required by a rule he enacted.  But Rule 22's language stands in the majority's way.  So the majority resorts to procedural statutes—undoubtably unconstitutional—in the Mississippi Uniform Post-Conviction Relief Act.

¶15.    The time long since has passed to end this Court's embarrassing, dissembling, and indefensible practice of seeking refuge behind some procedural provision of the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA)[6] when it suits the majority's purposes in a particular case.  Those justices who cite as authority the procedural provisions of the PCR statutes are the same justices who heap high praise on the first two sections of our Constitution, and extol the virtues of *Newell v. State*,[7] a case that proclaims this Court's exclusive authority to promulgate procedural rules for the courts of Mississippi.

¶16.    In *Newell*, this Court held:

> The division of authority [between the Legislature and this Court] is specifically implemented by Section 144 of the Constitution:

> The judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this constitution. This leaves no ***room for a division of authority*** between the judiciary and the legislature as to the power to promulgate rules necessary to accomplish the judiciary's constitutional purpose.[8]

To be clear, I take the phrase, "no room for a division of authority" to mean ***no room*** for a division of authority.  Section 99-39-27 directly contradicts both *Newell* and Section 2 of the

---

[6] Miss. Code Ann. § 99-39-1 to 99-39-119 (Rev. 2015).

[7] ***Newell v. State***, 308 So. 2d 71 (Miss. 1975).

[8] ***Id.*** at 77.

11

Mississippi Constitution, by dictating that post-conviction proceedings in death-penalty cases "shall be governed by rules established by the Supreme Court as well as the provisions of this section." Thus, the Legislature gives no weight to *Newell*'s holding that there is "no room for division."

¶17.  This Court's record of respect for *Newell* and Section 2 of the Constitution is no better. Our precedent is replete with hundreds of examples[9] of cases in which this Court has cited as authority the UPCCRA's procedural statutes which dictate every procedural aspect of a PCR petition, including: (1) the contents and form of a petition, (2) the contents and form of the answer, (3) the contents of the record on appeal, (4) where petitions must be filed, (5) this Court's standard of review, (6) the procedure for summary judgment, (7) "procedural" waiver of objections, (8) procedures to be followed at a hearing, (9) the form and content of an application to be filed with this Court, (10) those who must be served, (11) what this Court must review in making its decision, (12) the number of days the Attorney General must be given to respond to a petition, and numerous other examples.

### The Law that Should Be Applied to this Case

¶18.  In this ***death-penalty*** case, a prisoner claims he needs to conduct discovery before filing a petition for post-conviction relief. He does not ask this Court to allow him to conduct the discovery. Instead, he relies—as he should—on Rule 22(c)(4)(ii) of the Mississippi

---

[9] A cursory Westlaw, Lexis, or Casemaker search results in hundreds of cases in which this Court has ignored *Newell* and Section 2 of the Mississippi Constitution, and applied the procedural statutes in the UPCCRA. For instance, a search for cases relying on Section 99-39-9, which dictates the contents of a petition, results in more than 200 cases. And these are just the reported cases. This Court's motions panels have relied on the same procedural statutes to decide thousands of unreported motions.

Rules of Appellate Procedure, which if applied by its terms, unquestionably would allow Brown to seek the trial court's permission to conduct the discovery.[10] But the majority refuses to decide the issue based on the language of our rule. Instead, the majority proclaims that this Court's

> Rule 22(c) must first be read in light of the Uniform Post-Conviction Collateral Relief Act's (UPCCRA) pronouncement that criminal defendants are entitled to file only one petition for post-conviction, subject to limited exceptions. *See* Miss. Code Ann. §§ 99-39-23, 27(9) (Rev. 2015).[11]

¶19. This Court's Rule 22—*this Court's* rule—provides for prepetition discovery in order for a petitioner to file a meaningful petition. Yet, the majority mocks Brown's request by referring to it as his request for "so-called 'prepetition discovery,'" and then denies his request because the rule—"when read in the light of a procedural statute"—means something other than what it actually says.

¶20. The majority correctly notes that Rule 22(c)(4)(ii) "requires certain mandatory disclosures to the defendant, including the transfer of certain files to the petitioner or his post-conviction counsel and ***allows limited prepetition discovery at the trial court's discretion*** and upon a show of need."[12] The rule states:

> Upon appointment of counsel, or the determination that the petitioner is represented by private counsel the petitioner's prior trial and appellate counsel shall make available to the petitioner's post-conviction counsel their complete files relating to the conviction and sentence. The State, to the extent allowed by law, shall make available to post-conviction counsel the complete files of

---

[10] *See* Miss. R. App. P. 22

[11] Maj. Op. at ¶ 5.

[12] Maj. Op. at ¶ 4 (emphasis added).

all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed and the prosecution of the petitioner. If the State has a reasonable belief that allowing inspection of any portion of the files by post-conviction counsel for the petitioner would not be in the interest of justice, the State may submit for inspection by the convicting court those portions of the files so identified. If upon examination of the files, the court finds that such portions of the files could not assist the capital petitioner in investigating, preparing or presenting a motion for post-conviction relief, the court in its discretion may allow the State to withhold that portion of the files.

Discovery and compulsory process may be allowed the petitioner from and after the appointment of post-conviction counsel or the determination that the petitioner is represented by private counselor or is proceeding pro se, but only upon motion indicating the purpose of such discovery and that such discovery is not frivolous and is likely to be helpful in the investigation, preparation or presentation of specific issues which the petitioner in good faith believes to be in question and proper for post-conviction relief, and order entered in the sound discretion of the court. Upon determination that the petitioner has elected to proceed pro se, such files and discovery shall be made available as provided in subsection (2)(iii) above.[13]

¶21. Two things are apparent from the language of the rule. First, it includes no limitation for "successive petitions" for post-conviction relief. Second, and more importantly, it provides the prerequisite for obtaining discovery: (1) a motion that discloses the purpose of the proposed discovery and demonstrates that the discovery "is not frivolous and is likely to be helpful in the investigation, preparation or presentation of specific issues which the petitioner in good faith believes to be in question and proper for post-conviction relief," and (2) an "order entered in the sound discretion of the court."

¶22. So the rule authorizes the petitioner in this case to ask the trial judge for discovery, and to attempt to persuade the trial judge that his request "is not frivolous and is likely to be helpful in the investigation, preparation or presentation of specific issues which the petitioner

---

[13] Miss. R. App. P. 22(c)(4)(ii).

14

in good faith believes to be in question and proper for post-conviction relief." The majority, displeased with this troublesome rule, drags in a statute that the majority says "clarifies" the rules.

¶23.   The majority correctly notes that "Brown's first motion for leave to proceed in the trial court with a petition for post-conviction relief was filed and granted in part by this Court before Rule 22(c) went into effect, and this Court previously determined that Brown was not entitled to discovery under Rule 22 after he was granted leave to proceed in the trial court with his petition."[14]  But the majority fails to point out that the reason the majority denied him discovery was because he failed to show "good cause" for needing the discovery, even though the discovery listed in Rule 22 is automatic and requires no showing of good cause.

¶24.   I dissent, not because I have concluded that Brown has, or has not, shown "good cause"; and not because I think he may, or may not, prevail on a petition for post-conviction relief.  I dissent because our rules, as they currently exist, allow him to obtain the discovery he seeks, and I cannot join the majority's acrobatics in finding a way to deny him what our rules allow him to have.  If the justices in the majority think our rules are too lax, then they should change the rules, not take refuge behind a procedural statute.

**KITCHENS AND KING, JJ., JOIN THIS OPINION.  COLEMAN, J., JOINS THIS OPINION IN PART.**

---

[14] Maj. Op. ¶ 5.